# In the United States Court of Federal Claims

No. 06-742 C

(E-Filed: November 21, 2006)

| | |
|---|---|
| EMERALD COAST FINEST PRODUCE CO. INC., Plaintiff, v. THE UNITED STATES, Defendant, and MILITARY PRODUCE GROUP, LLC, Defendant-Intervenor. | Bid Protest; Motion to Intervene |

Cyrus E. Phillips, IV, Washington, DC, for plaintiff.

Leslie Ohta, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

Daniel Weckstein, with whom were Walter B. Martin and Stephanie M. Himel-Nelson, Norfolk, VA, for defendent-intervenor.

ORDER

Before the court is applicant's Motion to Intervene of Awardee, Military Produce Group, LLC (Motion or Mot.). Neither plaintiff nor defendant opposes this motion.

Military Produce claims "an unconditional right" to intervene under 28 U.S.C. § 1491(b). Mot. 3. However, this statute merely confers on the Court of Federal Claims jurisdiction over actions by "an interested party" who objects to a Federal agency's bid

solicitation, proposed award, award, or any other violation of statute or regulation related to the procurement process. 28 U.S.C. § 1491(b) (2000). This provision does not confer "an unconditional right" to intervene. Anderson Columbia Env't, Inc. v. United States, 42 Fed. Cl. 880, 883 (1999).

Military Produce Group, LLC (Military Produce) also seeks an intervention of right under Rule 24(a) of the Rules of the United States Court of Federal Claims (RCFC), or alternatively, a permissive intervention under RCFC 24(b). Mot. 3. RCFC 24(a) provides that:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a)(2) is applicable to Military Produce's Motion.

The court must construe RCFC 24(a) requirements in favor of intervention. Am. Maritime Transp., Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989). An applicant need only make well-pled allegations for the court to accept them as valid. Armour of Am. v. United States, 70 Fed. Cl. 240, 243 (2006) (citing United States v. Am. Tel. & Tel. Co., 642 F.2d 1285, 1291 (D.C. Cir. 1980)). Military Produce asserts that "[a]s successful awardee, [it] is an interested party whose economic well[-]being will or may be affected by this case and these proceedings." Mot. 3, ¶ 15. Based on this representation, the motion is GRANTED.

Defendant-intervenor shall file with the court its response to plaintiff's motion and its cross-motion for judgment on the administrative record on or before Tuesday, December 19, 2006. See Order of November 3, 2006. Defendant-intervenor shall file its reply to plaintiff's response on or before Wednesday, January 17, 2006. Id.

______The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy, and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge