IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>MILITARY PRODUCE GROUP, LLC,<br><br>Defendant-Intervenor. | ) | No. 06-742C<br>(Judge Emily Hewitt) |

DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR STAY OF PROCEEDINGS OR REMAND

Pursuant to this Court's January 16, 2007 order, defendant, the United States, respectfully submits this memorandum in support of our January 16, 2007 motion for stay of proceedings or remand. In our motion, we sought a stay of the briefing schedule and a remand of this matter to the agency for the purpose of allowing the Source Selection Authority ("SSA") the opportunity to address one of the issues raised by plaintiff, Emerald Coast Finest Produce Co., Inc. ("Emerald Coast"), in this post-award bid protest. Emerald Coast, in its motion for judgment upon the administrative record, contends that the SSA, in making her award decision, failed to take into account the fact that the commissary for which Military Produce Group, LLC ("MPG") had a teaming arrangement, that is, Fort Buchanan, had been eliminated by Amendment Four to the solicitation. Plaintiff's Brief In Support Of Motion For Judgment On The Administrative Record at 28-29. Amendment Four was issued after the Technical Evaluation Board ("TEB") rated the offerors, and was only one of the commissaries in the group to be covered by the contract award.

ISSUES

1. Whether this Court possesses jurisdiction to grant the relief requested.

2. Whether this Court should exercise its discretion and grant the relief requested.

3. What are the appropriate terms of a remand order.

3. Whether this Court should enter judgment in favor of Emerald Coast.

ARGUMENT

I. This Court Possesses Jurisdiction To Grant The Relief Requested.

Pursuant to Rule 1(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), this Court possess jurisdiction to enter orders that promote the "just, speedy, and inexpensive determination" of actions pending before it. In this case, the Government has acknowledged that the SSA, in making her award decision, overlooked the possible impact the amendment four to the solicitation which eliminates Fort Buchanan could have upon her decision. While the Government contends that this was harmless error, and that Emerald Coast has failed to sustain its burden of demonstrating that the SSA's decision lacked a rational basis, staying the briefing schedule, and remanding this matter to the agency, for the limited purpose of providing the SSA with the opportunity to consider what impact, if any, amendment four has upon her decision, will promote the just, speedy, inexpensive resolution of this matter.

Pursuant to Rule 52.2, this Court possesses jurisdiction to remand this matter to the agency. Rule 52.2. provides, in pertinent part, that at the request of a party, the "Court may in any case within its jurisdiction by order remand appropriate matters to any administrative or executive

body or official with such direction as may be deemed proper and just."[1]

It is the Government's understanding that Emerald Coast does not dispute that this Court possesses jurisdiction to grant the relief requested.

II. This Court Should Exercise Its Discretion And Grant The Relief Requested Because Supplementation of the Administrative Record Is Necessary And Appropriate.

When deciding a motion for judgment on the administrative record, the focal point for judicial review "should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam); see also Advanced Data Concepts v. United States, 216 F.3d 1054, 1057 (Fed. Cir. 2000). In most bid protests, however, "the administrative record is something of a fiction, and certainly cannot be viewed as rigidly as if the agency had made an adjudicative decision on a formal record that is then certified for court review." International Res. Recovery, Inc. v. United States, 59 Fed. Cl. 537, 541 (2004). See also CCL Serv. Corp. v. United States, 48 Fed. Cl. 113, 118 (2000). The "administrative record is not a documentary record maintained contemporaneously with the events or actions included in it. Rather, the administrative record is a convenient vehicle for bringing the decision of an administrative body before a reviewing agency or a court." Tech Systems, Inc. v. United States, 50 Fed. Cl. 216, 222 (2001). Accordingly, this Court does not "apply an iron-clad rule automatically limiting its review to the administrative record." GraphicData, LLC v. United States, 37 Fed. Cl. 771, 779 (1997).

---

[1] If this matter were to proceed to a decision upon the merits at this time, the best result that Emerald Coast can obtain is a judicial determination that the SSA's decision lacks a rational basis. In that event, the agency could re-evaluate the proposals, giving due consideration to this Court's findings. Thus the ultimate result would be identical: the SSA would either determine that MPG's proposal provided the best value to the Government, or it did not.

Supplementation of the administrative record is appropriate under the following circumstances: (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage. Esch v. Yuetter, 876 F.2d 976, 991 (D.C. Cir. 1989).

As a matter of general administrative law, the standard course for supplementing an inadequate record is to remand the agency action under review to the agency. Id. (citing Pension Benefit Guar. Corp. v. LTV Corp., 496 U.S. 633, 654 (1990)). See also OTI America, Inc. v. United States, 68 Fed. Cl. 108 (2005)(citing Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) (possible means of addressing an inadequate record is to remand the agency action under review to the agency,).

Remand under the facts of this case is appropriate. While not "confessing error," that is, not conceding that the SSA's decision lacked a rational basis, the Government acknowledges that the SSA, in connection with her evaluation of a number of sub-factors, referred to MPG and its teaming partners, when in fact MPG did not have any teaming partners. Meaningful judicial review of Emerald Coast's contention that but for this oversight Emerald Coast would have had a substantial chance of being awarded the contract, requires an explanation the SSA's of what impact, if any, this oversight had upon the SSA's her overall decision.

The Federal Circuit in SKF U.S.A. v. United States, 254 F.3d 1022 (2001),[2] set forth a number of alternatives that the Government may take in defending an appeal from an agency's decision under the Administrative Procedures Act, 5 U. S. C. § 706 (which is made applicable to this case by 28 U. S. C. § 1491 (b)(4)). "First, [the Government] may choose to defend the agency's decision on the grounds previously articulated by the agency. Second, it may seek to defend the agency's decision on grounds *not* previously articulated by the agency. Third, the agency may seek a remand to reconsider its decision because of intervening events outside of the agency's control. Fourth, even in the absence of intervening events, the agency may request a remand, without confessing error, to reconsider its previous position. Finally, [ ], the agency may request a remand because it believes that its original decision was incorrect on the merits and it wishes to change the result." Id. at 1028. Further, the Court noted that where an agency seeks remand without confessing error, "if the agency's concern is substantial and legitimate, remand is usually appropriate." Id. at 1029. Here, the agency is seeking remand, without confessing error, to reconsider its previous position that MPG had teaming partners.

Emerald Coast's reliance upon Esch v. Yuetter, 876 F.2d 976, 991 (D.C. Cir. 1989), and Murakami v. United States, 46 Fed. Cl. 731 (2000), Plaintiff's Opposition To Defendant's Motion For Stay Of Proceedings Or Remand at 4, is misplaced. The Esch and Murakami decisions, contrary to Emerald Coast's assertion, do not stand for the proposition that supplementation of the administrative record is impermissible because the Court must confine its review to "the

[2] SKF involved an appeal by a German manufacturer and importer of antifriction bearings from a decision by the Court of International Trade involving a challenge to the final antidumping determination by the Department of Commerce. The Court of Appeals held that a change in policy by agency required remand.

contemporaneous Administrative Record." Indeed, the Esch and Murakami decisions stand for the proposition that supplementation is permitted under certain circumstances.[3]

III The Remand Order Should Provide Direction To The SSA To Consider The Impact Of Amendment Four To Her Award Decision.

When a remand is appropriate, this Court may provide the agency "with such direction as this court may deem proper and just." 28 U.S.C. § 1491(a)(2); see also RCFC 52.2(a)(1). "An order of remand shall . . . delineate the area of further consideration or action deemed warranted on the remand." RCFC 52.2(a)(2)(A).[4] The remand order, therefore, should direct the SSA to consider what impact, if any, amendment four should have had upon her award decision.

IV. This Court Should Not Enter Judgment In Favor Of Emerald Coast.

Until this matter is fully briefed and argued, the entry of judgement in favor of Emerald Coast is not warranted. There is no authority for the proposition that every error in the solicitation and award process necessarily leads to the conclusion that the award was arbitrary and capricious and not made in accordance with law. Moreover, beyond a showing that the agency acted without a rational basis or contrary to law, to prevail Emerald Coast must demonstrate that the Government's actions actually prejudiced Emerald Coast in the procurement process by proving

---

[3] The Court in Murukami clearly recognized that the supplementation of the administrative record is sometimes appropriate. The Court, however, did not permit supplementation of the record based on the three factors advanced by the plaintiff, finding that the case was not so complex that the Court needed more evidence to clearly understand the issues; that the evidence arising after the agency action did not demonstrate that the agency's decision was incorrect; and that the agency had not failed to consider factors that were relevant to its decision. Murakami, 46 Fed. Cl. at 736. In Murukami, the plaintiff never argued, and the Court never determined, that the agency action was not adequately explained in the administrative record.

[4] The results of the proceedings upon remand are subject to this Court's review. See Santiago v. United States, 71 Fed. Cl. 220, 230 n. 17 (2006).

that there was a substantial chance it would have received the contract award but for the error.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

OF COUNSEL:

ELLIOT CLARK
Assistant General Counsel
Defense Commissary Agency
1300 E Ave
Fort Lee, VA 23801-1800

Dated: January 19, 2007