# In the United States Court of Federal Claims

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE COMPANY, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | **BID PROTEST** No. 06-742C Judge Hewitt |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| MILITARY PRODUCE GROUP, LLC, | ) | |
| Defendant-Intervenor. | ) | |

## PLAINTIFF'S RESPONSE BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS OR REMAND

Pursuant to RCFC 5.2(b)(2), 7.2(b) and this Court's Order of January 17th, 2006 Emerald Coast Finest Produce Company, Incorporated (Emerald Coast), Plaintiff herein, files this Response Brief in Support of Plaintiff's Opposition to Defendant's Motion for Stay of Proceedings or Remittitur.

## ARGUMENT

### I. *SKF USA Inc. v. United States* Is Inapposite.

Defendant relies on *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001), as support for its Motion for Remittitur. Defendant avers that here it seeks Remand, without confessing error, this because DeCA wishes "to reconsider its previous position that MPG had teaming partners." Defendant's Memorandum in Support of Motion for Stay of Proceedings or Remand, at p.5.

*SKF USA* arose from an inquiry by the International Trade Commission which later resulted in the imposition of antidumping duties on the importation of anti-friction bearings from Germany. *Id*., at 1025-26. These antidumping duties were imposed by the International Trade Commission, 19 U.S.C. § 1673d(b), only after a formal hearing, 19 U.S.C. § 1677c(a)(1), made upon a record, 19 U.S.C. § 1677f(a)-(3).

The importer appealed to the Court of International Trade, but this time, rather than defending the result at the International Trade Commission, the U.S. Department of Commerce sought Remittitur, i.e., sending the case and its record back to

the International Trade Commission for further proceedings. The Court of International Trade rejected Remittitur and instead affirmed the decision of the International Trade Commission. *Id.*, at 1027.

In its Decision on the Appeal from the Court of International Trade, the Federal Circuit set out five positions an Agency may take when its decision is subjected to Administrative Procedure Act review, 5 U.S.C. § 706. This matter that was before the Federal Circuit had arisen from an Agency's construction of a statute which that Agency administers (there, the U.S. Department of Commerce and International Trade Commission's investigations and reviews under Title VII of the Tariff Act of 1930).

And so it was in *SKF USA* that the Federal Circuit decided that the permissible gap-filling which is required by *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) deference compelled "a remand to the agency . . . absent the most unusual circumstances verging on bad faith." *Id.*, at 1029-30.

Here neither this Contracting Officer nor DeCA is entitled to *Chevron* deference. And, more importantly, "[d]ecisions by contracting officers are not adjudica-

tory decisions to be made on the record after a hearing." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001) (Citation omitted). *SKF USA* is simply inapposite.

The law is clear: challenged Source Selections are reviewed on the Administrative Record generated at the time of the decision, and not some new Record, save in two instances: (a) supplementation deemed necessary to help explain the Source Selection, particularly "when a subjective value judgment has been made but not explained," and (b) supplementation with relevant information "that by its very nature would not be found in an agency record—such as evidence of bad faith, information relied upon but omitted from the paper record, or the content of conversations." *Orion International Technologies v. United States*, 60 Fed. Cl. 338, 343-44 (2004).

Consistent with *Robert K. Murakami v. United States*, 46 Fed. Cl. 731, 735 n.3 (2000), Emerald Coast would add a third instance in which an Administrative Record should be supplemented, and this third instance is procedural necessity. In the Bid Protest arena, procedural necessity which compels supplementation of an Administrative Record usually results from the need for a determination by the United States Small Business Administration.

Examples are *Diversified Maintenance Systems, Inc. v. United States and Cadence Contract Services, LLC*, 74 Fed. Cl. 122, *2006 U.S. Claims LEXIS 381, *14-*23* and *Y.S.K. Construction Co., Inc. v. United States*, 30 Fed. Cl. 449, 459 (1994).

As Emerald Coast has already explained, in both of these Cases there was a need for a determination by the United States Small Business Administration, an Agency designated by statute as the Agency to make these determinations, before this Court could rule on the merits. In *Diversified Maintenance* the issue to be determined was an Offeror's status *vel non* as a HUBZone small business. *Diversified Maintenance, 2006 U.S. Claims LEXIS 381, *10-*13*. In *Y.S.K. Construction* the issue to be determined was an Offeror's status *vel non* as an 8(a), 15 U.S.C. § 637(a)(1), small disadvantaged business. *Y.S.K. Construction*, 30 Fed. Cl., at 455-56.

Here there is no information which has been omitted from this Administrative Record; there is no claim of bad faith; there are no unexplained subjective value judgments; and there is no need for a determination by United States Small Business Administration. Instead, Defendant's problem is that DeCA's subjective value judgments are incapable of objective accreditation. *Impresa Construzioni Geom. Domenico Garufi v. United States*, 52 Fed. Cl. 421, 428 (2002).

**II. A Determination By This Court On An Administrative Record Supplemented By Yet Another Concoction Of This Contracting Officer Is Not The Evaluation Which Has Been Promised.**

The Offerors competing for these Awards to supply fresh fruits and vegetables to the commissaries in DeCA's East Region have been promised a formal Source Selection. Administrative Record, at AR00601 through AR00603, AR00875 through AR00877, AR00806 through AR00808, AR00772 through AR00774, AR00737 through AR00739, and AR00703 through AR00705.

In a formal Source Selection, discrete teams of Agency personnel are established to evaluate specific aspects of the Competitive Proposals. Federal Acquisition Regulation 15.303(b)(1); *see, e.g., Textron, Inc. v. United States and Manitowoc Marine Group/Marinette Marine Corp.*, 74 Fed. Cl. 11, 57 (2006). It is the Agency's technical evaluators who are to conduct detailed assessments of the Competitive Proposals against the Evaluation Factors and Sub-Factors set out in a Solicitation. *Information Sciences Corp. v. United States and Gallagher, Hudson, Hudson & Hunsberger, Inc.*, 73 Fed. Cl. 70, 119 (2006), *citing Computer Sciences Corp. v. United States*, 51 Fed. Cl. 297, 320 (2002).

The Source Selection Authority is to *consider* these detailed assessments, Federal Acquisition Regulation 15.303(b)(5), and from these detailed assessments the Source Selection Authority is to make the Award by exercising independent and informed judgment, Federal Acquisition Regulation 15.308. *Information Sciences*, 73 Fed. Cl., at 121.

The Evaluation Plan for this formal Source Selection promises *consensus* scoring by these Technical Evaluators. Administrative Record, at AR00560 through AR00-562. These Technical Evaluators are to rate Competitive Proposals for strengths, weaknesses, deficiencies, and material deficiencies, and then they are to assign numerical scores. Administrative Record, at AR00561 through AR00562. The Technical Evaluation Board and/or its Chairperson will make "the final technical consensus and assignment of numerical scores." Administrative Record, at AR00562.

This Contracting Officer is the Source Selection Authority, and such is the normal circumstance. Federal Acquisition Regulation 15.303(a). But this Contracting Officer is neither this Technical Evaluation Board nor the Chairperson of this Technical Evaluation Board. The Evaluation Plan for this Solicitation establishes

the individual members of this Technical Evaluation Board as the persons "best qualified to evaluate proposals." Administrative Record, at AR00560.

The Evaluation Plan gives this Contracting Officer, as Source Selection Authority, the authority to make the Best Value, Trade-Off as required for the Source Selection, but not the authority to make judgments as to Technical Capability or as to Past Performance. Administrative Record, at AR00563. Per this Evaluation Plan, this authority is given alone to the Technical Evaluation Board, and this because these are the Agency people with "institutional knowledge in commissary produce department operations." Administrative Record, at AR00560.

In *United International Investigative Services, Inc. v. United States and MVM, Inc.*, 41 Fed. Cl. 312 (1998), there was before this Court a Post-Award Procurement Protest concerning an Award for guard services to be delivered at Federal courthouses for the Second Circuit. Just as in this Case, the disputed Award was made on a formal Source Selection. And it turned out that after that Technical Evaluation Board had recorded its consensus evaluation of the Competitive Proposals, there was a re-evaluation by just two members of that Technical Evaluation Board. *United International*, 41 Fed. Cl., at 315, 320.

It was on the basis of this re-evaluation that that Contracting Officer had made the disputed Award. And this, said this Court, was a breach of the impartial consideration that was promised:

> A group discussion, as envisioned by the Technical Evaluation, could have clarified these inconsistencies. Specifically, the discussions could have been used to ventilate Mr. Guccione's perceived concerns regarding plaintiff's technical proposal and the TEB could have come to a consensus regarding each area of concern. The failure of Ms. Hendrick to provide an opportunity for the TEB to operate this function denied plaintiff "the impartial consideration to which it was entitled under the implied contract obligations of the government." *Arrowhead Metals, Ltd. v. United States,* 8 Cl. Ct. 703, 714 (1985)*; see also 126 Northpoint Plaza,* 34 Fed. Cl. at 112.
>
> Defendant, however, argues that the re-evaluation resulted in a more comprehensive product than the first evaluation, and that it resulted in a far more thorough analysis of the proposals. The court finds this argument unpersuasive. There is no way of knowing how comprehensive the second process actually was because it did not include a group discussion. The group discussion, as demonstrated above, was necessary in order to ventilate the evaluators' opinions regarding each proposal. During these discussions, evaluators could have explained their individual reasons for ascribing a score to a particular proposal. Moreover, the TEB, as a group, would then have been able to arrive at a consensus regarding that particular aspect of an offeror's proposal.
>
> Although minor irregularities or errors in the procurement process are not sufficient grounds to warrant judicial intrusion to overturn a procurement decision, *Grumman Data Sys. Corp. v. Dalton,* 88 F.3d 990, 1000 (Fed. Cir. 1996), the violation in this case was not minor. Rather, the violation described above deprived plaintiff of the opportunity to have its proposal considered fairly and honestly. Thus, the decision to have two evaluators

> circumvent the consensus and discussion requirements of the Technical Evaluation merits judicial intrusion.

*United International*, 41 Fed. Cl., at 322.

Were this Court to now allow this Contracting Officer to supplement this Administrative Record, the Court would deprive Emerald Coast of the formal Source Selection Decision that is promised. Defendant is not entitled to Remittitur or to a Remand to this Contracting Officer. Instead, Emerald Coast is entitled to this Court's Declaration that this Award to Military Produce Group is without a rational basis and is obviously unlawful. Following a grant of Emerald Coast's Motion for Judgment on the Administrative Record, this Court should remand this matter to DeCA, not to the Contracting Officer.

And this Court should retain jurisdiction after Remand so as to ensure that DeCA affords Emerald Coast the formal Source Selection that DeCA has promised. *Santiago v. United States*, 71 Fed. Cl. 220, 230 n.17 (2006), *citing Christian v. United States*, 60 Fed. Cl. 550, 551 (2004).

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

______________________________

Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
January 20th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

| | |
|---|---|
| Telephone: | (202) 466-7008 |
| Facsimile: | (202) 466-7009 |
| Electronic Mail: | lawyer@procurement-lawyer.com |

Attorney of record for Plaintiff,
Emerald Coast Finest Produce Company, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Saturday, January 20th, 2007 a true and complete copy of this Response Brief in Opposition to Defendant's Motion for Stay of Proceedings or Remand was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Leslie Cayer Ohta, Esq.

Electronic Mail: Leslie.Ohta@usdoj.gov

Attorney of record for Defendant,
Defense Commissary Agency.

I also certify, under penalty of perjury, that on Saturday, January 20th, 2007 a true and complete copy of this Response Brief in Opposition to Defendant's Motion for Stay of Proceedings or Remand was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Daniel R. Weckstein, Esq.

Electronic Mail: dweckstein@vanblk.com

Attorney of record for Defendant-Intervenor,
Military Produce Group, LLC.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV