**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EMERALD COAST FINEST PRODUCE CO., INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 06-742C** |
| | ) | **(Judge Emily C. Hewitt)** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **MILITARY PRODUCE GROUP, LLC** | ) | |
| **Defendant-Intervenor.** | ) | |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS OR REMAND**

Pursuant to this Court's Order of January 17, 2006, Defendant-Intervenor Military Produce Group, LLC ("MPG"), by counsel, respectfully submits this response to Plaintiff's Opposition to Defendant's Motion to Stay Proceedings or Remand and states as follows:

## BACKGROUND

In a Motion to Stay or Remand the Proceedings filed on January 16, 2006, the United States asked this Court to remand this matter to the Agency Source Selection Authority to address an issue raised by the Plaintiff, Emerald Coast Finest Produce Co., Inc. ("Emerald"). Emerald argues that the SSA failed to consider the affect of Amendment 4 to the Solicitation, which eliminated Fort Buchanan from Area 5. Under the timeline presented by the Government, it appears that the Technical Evaluation Board evaluated the offers prior to elimination of Fort Buchanan from the Contract, and the effect upon the offers was not reevaluated prior to contract award. However, the Government does not state that the award lacked a rational basis. Rather,

the Administrative Record does not contain any information regarding whether the SSA considered the impact of Amendment 4 upon the offers.

**ARGUMENT**

MPG agrees with the position set forth by the Government in its opening brief filed January 19, 2007, and in its Reply brief filed January 22, 2007 and does not oppose a stay of the proceedings or a remand to the agency for the limited purpose of directing the SSA to determine what, if any, impact Amendment 4 to the Solicitation had upon her decision.

I. Emerald is Not Entitled to Judgment in its Favor

MPG opposes Emerald's continued insistence that it should be granted judgment on the Administrative Record with an order that the Agency's decision lacked a rational basis. The Court has temporarily suspended the briefing schedule for the Judgment on the Administrative Record and a ruling regarding whether or not the Agency's decision was rational should not be made absent an opportunity for the United States and Defendant-Intervenor, MPG, to fully brief all the issues, including whether Emerald has standing to bring this protest, and to respond to Emerald's factual and legal arguments. It is MPG's understanding that the Court wished the parties to brief the Government's request for a stay or remand in order to: (1) determine whether the Court has jurisdiction to grant such a request; (2) whether the Court should grant the stay or remand; and (3) the terms of an appropriate Order granting all or part of the requested stay. Therefore, MPG does not fully address Emerald's untimely request that judgment be entered in its favor.

II. Remand is Appropriate to Supplement the Administrative Record

All the parties agree that remand is appropriate to supplement the agency's administrative record in limited circumstances. See United States' Brief at 4 (citing Esch v. Yuetter, 876 F.2d

976, 991 (D.C. Cir. 1989); Emerald's Response Brief at 4 (citing Orion International Techs. v. United States, 60 Fed. Cl. 338, 343-44 (2004).). Indeed, this Court has stated that supplementation of the record is appropriate "where the record is insufficient for the court to render a decision." Precision Standard, Inc. v. United States, 69 Fed. Cl. 738, 745 (2006) (citing Impresa Construzioni v. United States, 238 F.3d 1324, 1338 (Fed. Cir. 2001); Esch v. Yuetter, 876 F.2d at 991 (other internal citations omitted)).

MPG believes that the SSA's apparent failure[1] to consider the effect of Amendment 4 upon the offers is not reversible error. Similarly, the United States has not conceded that the SSA's decision lacked a rational basis. However, supplementation of the Administrative Record is appropriate in this case. Here, the Court cannot fully meaningfully review the specifics of Emerald's assertion that, but for the SSA's failure to consider the effect of Amendment 4, it would have had a substantial chance of being awarded the contract. An explanation from the SSA regarding what impact, if any, the Amendment had upon her decision, is therefore necessary and appropriate in this situation. MPG agrees with the United States' position regarding the terms of any order.

III. If Remanded, Emerald is not Entitled to a Full Reevaluation

Emerald also argues that permitting the SSA to supplement the Administrative Record in this case will unlawfully circumvent the source selection requirements of the Solicitation. While the TEB was tasked with the "final technical consensus and assignment of numerical scores," AR00562, the SSA retained ultimate authority to independently determine the best value for the government, AR00563. See, e.g., United Int'l Investigative Svcs., Inc. v. United States, 41 Fed. Cl. 312, 321 (1998) (the Contracting Officer did not have to accept the recommendations of the

TEB). Because the SSA retained ultimate authority to determine the best value for the government and was required to exercise her independent judgment in the matter, Emerald is not entitled to a full reevaluation by the TEB.

Respectfully Submitted,

MILITARY PRODUCE GROUP, LLC

/s/ Daniel R. Weckstein
By:________________________________

Daniel R. Weckstein (Va. State Bar No. 17741)
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510-1699
(757) 446-8600
Facsimile: (757) 446-8670
E-mail: dweckstein@vanblk.com or shimelnelson@vanblk.com

OF COUNSEL

Walter B. Martin (Va. State Bar No. 4214)
Stephanie M. Himel-Nelson (Va. State Bar No. 46966)
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510-1699
(757) 446-8600
Facsimile: (757) 446-8670
Email : wmartin@vanblk.com

DATED: January 22, 2007

[1] However, MPG is not willing to concede, absent information from the SSA indicating otherwise, that the inclusion of statements regarding MPG and Emerald's "teaming partners" was anything other than clerical error in a rather large and detailed source selection document.

**Certificate of Service**

I hereby certify that a true copy of the foregoing pleading was sent by E-Mail and facsimile transmission on January 22, 2007, to counsel herein as follows:

Cyrus E. Phillips, IV, counsel for Emerald Coast, at lawyer@procurement-lawyer.com

Leslie Ohta, Esquire, counsel for Defense Commissary Agency, at Leslie.Ohta@usdoj.gov

Elliott Clark, Esquire, Assistant General Counsel for Defense Commissary Agency at Elliott.clark@deca.mil

/s/ Daniel R. Weckstein
By:________________________________
Of Counsel