# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **EMERALD COAST FINEST PRODUCE COMPANY, INCORPORATED,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **BID PROTEST** <br> **No. 06-742C** <br> **Judge Hewitt** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **MILITARY PRODUCE GROUP, LLC,** | ) | |
| **Defendant-Intervenor.** | ) | |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND MEMORANDUM IN SUPPORT OF THE MOTION TO SUPPLEMENT**

Pursuant to RCFC 7(b)(1) and the Court's Order of February 26th, 2007 Plaintiff Emerald Coast Finest Produce Company, Incorporated (Emerald Coast) herewith Moves to Supplement the Administrative Record.

Emerald Coast asks that the Administrative Record be supplemented with the four Declarations that are attached to this Motion. These four Declarations are Attachments Number One through Four, respectively.

Each one of these four Declarations concerns repeated instances in which Defendant-Intervenor has obtained fresh fruits and vegetables from teaming partners not disclosed in Defendant-Intervenor's Competitive Proposal and these teaming partners have then made deliveries of these fresh fruits and vegetables directly to Commissaries without first obtaining inspection and certification by a United States Department of Agriculture (USDA) inspector at Defendant-Intervenor's Birmingham, Alabama distribution facility.

USDA inspection and certification at the Contractor's distribution facility is required by Paragraph A.(2) of Defendant's Technical Data Sheet dated July 2006. Administrative Record, at AR00714. Defendant's Technical Data Sheet dated July 2006 was incorporated into the Solicitation and proposed Contract with Amendment Number 0005 dated July 27th, 2006. Administrative Record, at AR00690 through AR00722. In a letter of July 28th, 2006 which accompanied the Distribution of Amendment Number 0005 to the Offerors, Defendant has explained this re-

quirement for USDA inspection and certification at the Contractor's distribution facility:

> Ensuring the DeCA commissary locations receive the grade specifications as stated in the solicitation and ultimately that our customers receive the best quality possible is of utmost importance. USDA inspections of products (fresh produce and/or cut products) identified for delivery to the commissaries provides those assurances. USDA inspections also provide an objective method of tracking of products that is beneficial to both the Government and the Contractor. This requirement applies to the primary contractor and any teaming partner or supplier that provides products directly to the commissaries.

Administrative Record, at pages AR01238, AR01814.

These violations of Paragraph A.(2) of Defendant's Technical Data Sheet dated July 2006 are relevant to the downgrading of Emerald Coast's Competitive Proposal on the Production Capability/Distribution Plan Sub-Factor for the Technical Capability Evaluation Factor. Defendant has not addressed this downgrading with the Technical Evaluation Board's re-scoring of February 7th, 2007, Administrative Record, at AR02224, or with the Contracting Officer's revised and undated Paired Comparative Analysis, Administrative Record, at AR02212.

Indeed the Contracting Officer supports this downgrading of Emerald Coast's Competitive Proposal on her supposition that "Emerald made a business decision

to wait until notification of contract award before they would invest in the resources and equipment needed to perform this contract." Administrative Record, at AR02212.

One can perform the proposed Contract with a fleet of 11 refrigerated tractor-trailers, Administrative Record, at AR01681, AR01727, if one is allowed, as Defendant-Intervenor has been allowed, to disregard Paragraph A.(2) of Defendant's Technical Data Sheet dated July 2006 and support Commissaries without prior USDA inspection and certification at Defendant-Intervenor's distribution facility in Birmingham, Alabama before deliveries to Commissaries.

Extra-record evidence of this sort is allowed where Agency actions after Contract award evince disregard of the Contract requirements upon which Competitive Proposals were evaluated. *Planning Research Corporation v. United States*, 971 F.2d 736, 742-743 (1992). *Planning Research* is controlling precedent, and this Court has followed *Planning Research* in Post-Award Bid Protests and has considered Post-Award conduct in *Orion International Technologies v. United States*, 66 Fed. Cl. 569, 575-76 (2005) and in *Consolidated Engineering Services, Inc. v. United States*, 64 Fed. Cl. 617, 633-35 (2005).

The same result should obtain here.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

______________________________
Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
March 9th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Emerald Coast Finest Produce Company, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Friday, March 9th, 2007 a true and complete copy of this Plaintiff's Motion to Supplement the Administrative Record and Memorandum in Support was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Leslie Cayer Ohta, Esq.

Electronic Mail: Leslie.Ohta@usdoj.gov

Attorney of record for Defendant,
Defense Commissary Agency.

I also certify, under penalty of perjury, that on Friday, March 9th, 2007 a true and complete copy of this Plaintiff's Motion to Supplement the Administrative Record and Memorandum in Support was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Daniel R. Weckstein, Esq.

Electronic Mail: dweckstein@vanblk.com

Attorney of record for Defendant-Intervenor,
Military Produce Group, LLC.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV