IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO., INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-742C<br>(Judge Emily Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| MILITARY PRODUCE GROUP, LLC, | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED AND RESTATED COMPLAINT

Pursuant to Rule 7.2 of the Rules of this Court, defendant, the United States, respectfully provides this response to the motion filed by Emerald Coast Finest Produce Co., Inc. ("Emerald Coast") seeking to amend its complaint. In support of our opposition, we rely upon this brief and the declaration of Sheila Norfus, the contracting officer ("CO") and the source selection authority ("SSA") for the contract that is the subject matter of this dispute.[1]

On March 9, 2007, Emerald Coast filed a motion pursuant to RCFC 15 for leave to amend its complaint to "regularize" the initial complaint. Emerald Coast's assertion is disingenuous. In fact, Emerald Coast seeks to add to its complaint an entirely new cause of action premised upon its spurious allegation that the post-award performance of the awardee, Military Produce Group ("MPG"), has "tainted" the award. Given that there is absolutely no legal or factual basis for Emerald Coast's position, its motion to amend its complaint should be

[1] The declaration of Sheila Norfus has been filed as an attachment to our opposition to plaintiff's motion to supplement the administrative record.

denied.

I. Emerald Coast Has Failed To Demonstrate That Justice Requires That Leave To Amend Be Granted Because The Amendments Sought Would Be Futile

RCFC 15(a) provides that a party may amend its own pleading more than 20 days after it was served only by leave of the court or by written consent of the adverse party, and that "leave shall be freely given when justice so requires." RCFC 15(a); accord First Nationwide Bank v. United States, 48 Fed. Cl. 248, 254 (2000). The determination of whether to grant a motion for leave to amend a pleading is within the discretion of the Court, but outright refusal to grant leave without any reason to justify the denial is not an exercise of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). Applying this test, this Court should "deny a motion to amend . . . only for substantial and legally sufficient reasons." St. Paul Fire & Marine Ins. Co. v United States, 24 Cl. Ct. 518, 520 (1991). However, leave to amend a complaint will not be allowed where permitting leave to amend would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (discussing Fed. R. Civ. P. 15(a)); Leider v. United States, 301 F.3d 1290, 1299 n. 10 (Fed. Cir.2002).

Emerald Coast's proposed amendments to the complaint would be futile. Emerald Coast has failed to identify any facts not already in the administrative record that could change the outcome of this case even if the Court granted Emerald Coast leave to amend its complaint. Moreover, allowing Emerald Coast to amend its complaint is prejudicial to the Government, given that the Government will then have to supplement the administrative record with evidence that MPG is, in fact, in full compliance with the requirements of the contract and, therefore, the award process was in no way "tainted." To so burden the Government and MPG is wholly

unwarranted especially given that Emerald Coast has totally failed to demonstrate that MPG is not fully meeting the requirements of the contract.

II. There Is No Factual Basis For Emerald Coast's Proposed Cause Of Action Premised Upon MPG's Performance Under the Contract

The gravamen of Emerald Coast's contention that the contract award to MPG was "tainted" as a matter of law is premised upon Emerald Coast's factual assertion that MPG is not conforming to the contract requirement because it is using undisclosed "teaming partners;" is delivering produce that is not USDA inspected; and is using distribution facilities other that its Birmingham, Alabama facility.[2]

Emerald Coast, in its first claim for relief in its proposed amended complaint, asserts that the decision awarding the contract to MPG lacks a rational basis because it is based upon the assumption that MPG has teaming partners when in fact it does not, and it ignores MPG's commitment to use a distribution facility in Birmingham, Alabama, and not in Norfolk, Virginia. Proposed Amended And Restated Post-Award Procurement Protest Complaint ("Am. Comp."), ¶ 41. As is made clear in the Declaration of Sheila S. Norfus in Support of Defendant's Opposition to Plaintiff's Motion to Supplement the Administrative Record and Opposition to Amend the Complaint ("Norfus Decl."), there is no legal or factual merit to Emerald Coast's contentions for the following reasons: (1) The SSA in rendering her February 2007 decision did not assume that MPG had teaming partners, AR02208-2214, and (2) The solicitation did not restrict the number of facilities or the locations of those facilities that an offeror could identify in

---

[2] Emerald Coast seeks to support these factual contention through declarations provided by four individuals. See Decl. To Mot. To Suppl.

their proposal. Norfus Decl., ¶ 16. MPG, in its proposal, AR01681, in fact identified three distribution centers from which it intended to operate: Norfolk, Virginia, Birmingham, Alabama, and Rexville Produce. Id.

Emerald Coast, in its second claim for relief in its proposed amended complaint, asserts that the decision awarding the contract to MPG lacks a rational basis because, contrary to the terms of the solicitation, all product deliveries by MPG are not made from its Birmingham, Alabama facility, and is not USDA inspected. Am. Comp., ¶43. As is made clear in the declaration of Ms. Norfus, there is no legal or factual merit to Emerald Coast's contentions for the following reasons: (1) None of the declarations that Emerald Coast seeks to be added to the administrative record ("declarations") aver that the produce delivered was not USDA inspected; Attachments 1 , 2, 3, and 4 to Plaintiff's Motion to Supplement The Administrative Record And Memorandum In Support Of The Motion To Supplement ("Decl. To Mot. To Suppl."); (2) The solicitation (and the resulting contract) does not prohibit the delivery of produce that is not USDA inspected under all circumstances, Norfus Decl., ¶ 5; (3) Assuming that the deliveries that are documented in the declarations were not USDA inspected, those deliveries were made in accordance with the terms of the contract; Norfus Decl. ¶ 9; (4) The solicitation did not restrict the number of facilities or the locations of those facilities that an offeror could identify in their proposal. Norfus Decl., ¶ 16. Moreover, MPG, in its proposal, AR01681, identified three distribution centers from which it intended to operate: Norfolk, Virginia, Birmingham, Alabama, and Rexville Produce. Id.

Emerald Coast, in its third claim for relief in its proposed amended complaint, asserts that the decision awarding the contract to MPG lacks a rational basis, in part, because it was based

upon the assumption that MPG could satisfy the contract requirements from its Birmingham, Alabama facility, using 11 tractor-trailers, when in fact MPG is using "undisclosed teaming partners. Am. Compl. ¶45. As is made clear from the declaration of Ms. Norfus, there is no legal or factual merit to Emerald Coast's contentions because the term "teaming partner" and the term "supplier" have different meanings. Norfus Decl., ¶ 11. Also, there was no requirement in the solicitation for offerors to disclose the identity of their suppliers. Id. The companies identified in MPG's proposal, such as Norfolk Banana Distributors, Hampton Roads Produce, and MDV, were backup sources of supply or for transportation. Norfus Decl., ¶ 12. They were not identified as teaming partners in MPG's proposal, and were not treated as such by the CO in her evaluation. Id.

Emerald Coast, in its fourth claim for relief in its proposed amended complaint (titled "Third Claim"), asserts that the decision awarding the contract to MPG lacks a rational basis, in part, because it is based upon the assumption that MPG with 11 tractor-trailers could support the contract out of its Birmingham, Alabama facility. Am. Coml. ¶ 47. As is made clear from the declaration of Ms. Norfus, there is no legal or factual merit to Emerald Coast's contentions for the following reasons: (1) MPG, in its proposal, under the sub-factor experience, stated as follows: "In performing this contract MPG will operate our of three (3) multi-temperature distribution centers; Norfolk, Virginia, a 44,000 square foot facility with 1,800 pallet spaces, Birmingham, Alabama, a 64,000 square foot facility with 1,400 pallet spaces, and Rexville Produce with a 70,000 square foot facility with 1,530 pallet spaces, AR01681, Norfus Decl. ¶ 16; and (2) The CO considered the fact that MPG intended to use its Birmingham and Norfolk facilities in making her award decision.

Emerald Coast, in its fourth claim for relief in its proposed amended complaint, asserts that the decision awarding the contract to MPG was not made to the offeror whose proposal was most advantageous to the agency. Am. Coml. ¶49. This claim for relief is embodied in Emerald Coast's pending complaint. See Post-Award Procurement Protest Complaint, filed on November 1, 2006, Sixth Claim for Relief, ¶s 40, 41.

Emerald Coast, in its fifth claim for relief in its proposed amended complaint, asserts that MPG's failure to make deliveries only from its Birmingham, Alabama facility, and MPG's failure to deliver only during normal business hours produce that has been USDA inspected tainted the award under the authority of Planning Research Corp. v. United States, 971 F.2d 736, 740-41 (Fed. Cir. 1992). As is made clear in the declaration of Ms. Norfus, there is no legal or factual merit to Emerald Coast's contentions for the following reasons: (1) USDA inspection and certification at the contractor's distribution facility is required by paragraph A.(2) of the Technical Data Sheet dated July 2006. AR00714; (2) The solicitation (and the resulting contract) does not prohibit the delivery of produce that is not USDA inspected under all circumstances, Norfus Decl., ¶ 5; (3) There is an exception to the requirement of USDA inspection and certification at the contractor's distribution facility before deliveries to the commissaries for "Emergency/Out-of-Cycle"orders. AR00706-707; (4) Assuming that the deliveries that are documented in the declarations were not USDA inspected, those deliveries were made in accordance with the terms of the contract. Norfus Decl. ¶ 9; and (5) The solicitation did not restrict the number of facilities or the locations of those facilities that an offeror could identify in their proposal. Norfus Decl., ¶ 16. Moreover, MPG, in its proposal, AR01681, identified three distribution centers from which it intended to operate: Norfolk, Virginia, Birmingham, Alabama,

and Rexville Produce. Id.

In short, all of Emerald Coast's contentions are legally and factually incorrect. There is simply no credible evidence that MPG is not in full compliance with all contractual requirements.

III. There Is No Legal Basis For Emerald Coast's Proposed Cause Of Action Premised Upon MPG's Performance Under the Contract

Emerald Coast's reliance upon Planning Research Corporation v. United States, 971 F.2d 736 (Fed. Cir. 1992), is misplaced. The Federal Circuit in Planning Research held that the winning bidder's postaward substitution of personnel to perform under a contract to support a computer facility operation was properly reviewable in a bid protest action because the allegations that the winning bidder had misrepresented the personnel to be used on the contract raised issue of whether full and open competition in bidding and award of contract had been achieved. Planning Research, 971 F.2d at 741-742. The Federal Circuit noted that the awardee, after initially indicating that it would recruit heavily from the incumbent's work force, expressly changed its plan when it found that the agency considered this a weakness, and that the awardee repeatedly represented and assured the agency that it would staff the contract with the personnel for whom résumés had been provided. The Federal Circuit concluded that the misrepresentations of the awardee, together with the "massive" personnel substitutions made by the awardee after award with the acquiescence and assistance of the agency, constituted an intended "bait and switch" and as such tainted the bidding and evaluation process. Id..

Emerald Coast's claim is not cognizable because Emerald Coast has not offered a scintilla of evidence that (1) MPG's "failure" to have some deliveries inspected by a USDA

inspector, or MPG's use of distribution facilities other than its Birmingham facility, or its use of suppliers was in violation of the terms of the contract, (2) MPG intended to ignore the contractual requirements regarding those matters at the time it submitted its proposal to the agency and at the time it was awarded the contract, and (3) MPG acted with the acquiescence and assistance of the agency.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Emerald Coast's motion to amend its complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

OF COUNSEL:

ELLIOT CLARK
Assistant General Counsel
Defense Commissary Agency
1300 E Ave
Fort Lee, VA 23801-1800

Dated: March 30, 2007