IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-742C |
| | ) | (Judge Emily Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MILITARY PRODUCE GROUP, LLC, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Pursuant to Rule 7.2 of the Rules of this Court, defendant, the United States, respectfully provides this response to the motion filed by Emerald Coast Finest Produce Co., Inc. ("Emerald Coast") seeking to supplement the administrative record. In support of our opposition, we rely upon this brief and the declaration of Sheila Norfus, the contracting officer ("CO") and the source selection authority ("SSA") for the contract that is the subject matter of this dispute.

Emerald Coast seeks to add to the administrative record the declarations of the following individuals: Jennifer Berthiame, who states that Adams Produce Companies supplied fresh fruit and vegetables to MPG from November 2006 through February 2006; Attachment 1; Michael Murphy, the Executive Vice-President of Emerald Coast, who states that MPG asked Emerald Coast to make deliveries in October 2006 but Emerald Coast refused; except for one delivery, Attachment 2; Michael Mauricio, who states that Florida Produce delivered fresh fruit and vegetables to Emerald Coast from October 2006 through January 322, 2007, Attachment 3; and

Richard Passink, who states that East Coast Fruit Company delivered fresh fruit and vegetables for MPG from October 29006 through February 22, 2007. Plaintiff's Motion To Supplement The Administrative Record And Memorandum In Support Of The Motion To Supplement ("Pl.'s Mot. To Suppl.") None of the declarants aver that they are teaming partners with MPG or that the produce that they delivered upon behalf of MPG was not USDA inspected. Emerald Coast, nevertheless, asserts in its motion that the declarations support its contention that MPG is not performing in accordance with the contract, and the representations it made in its proposal, because MPG is using "teaming partners" that it failed to disclose, and that deliveries are being made without the produce being USDA inspected at MPG's Birmingham, Alabama facility. These allegations, albeit spurious, are the linchpin for Emerald Coast's attempt to amend its complaint to allege that such conduct upon the part of MPG "tainted" the SSA's award of the contract to MPG.

Emerald Coast's position is wholly without merit for the following reasons. First, as demonstrated by Ms. Norfus in her declaration, the conduct of MPG that forms the gravamen of both Emerald Coast's motion to supplement, and its motion to amend the complaint, conforms to the requirement of the contract, and is consistent with the representations made by MPG in its proposal. See Declaration of Sheila S. Norfus in Support of Defendant's Opposition to Plaintiff's Motion to Supplement the Administrative Record and Opposition to Amend the Complaint ("Norfus Decl.") and discussion in Defendant's Response to Plaintiff's Motion For Leave to File Amended and Restated Complaint. Second, unless Emerald Coast can demonstrate that MPG has not acted in conformance with the contract requirements and the representations made by MPG in its proposal, and that those actions constitute serious breaches of the contract, and that

such actions were taken with the acquiescence and assistance of the agency, that as a matter of fact and law the award process was sufficiently tainted that the award must be set aside, see Planning Research Corp. v. United States, 971 F.2d 736 (Fed. Cir. 1992), supplementation of the administrative record is not warranted. Thus, the merits of Emerald Coast's motion to supplement administrative record is inextricably intertwined with the merits of its motion to amend its complaint, to state a cause of action under the theory that the awardee's post-award conduct tainted the award of the contract itself. In short, Emerald Coast's motion to supplement is wholly dependant upon its contention that MPG's conduct was violative of the contract requirements.[1]

The declarations, proposed to be added to the administrative record, in no way support Emerald Coast's contention, the gravamen of Emerald Coasts's motion to amend the complaint, that the award decision was somehow "tainted" by MPG's failure to comply with the requirements of the contract. In short, Emerald Coast has failed to provide a valid basis for supplementing the record with declarations that were not considered by the SSA in making her award decision.

## ARGUMENT

### Emerald Coast Has Not Provided A Valid Basis For Supplementing The Record With Documents Not Considered By The Agency

Review in bid-protests such as this case are generally confined to the administrative record. Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 342-43. Furthermore, this

---

[1] We do not understand that Emerald Coast is seeking to supplement the administrative record for any purpose other than to support the cause of action in its proposed amended complaint.

Court has made it clear that supplementation of the administrative record is available only in limited exceptions to the general rule. Murakami, 46 Fed. Cl. at 735. Supplementation may be possible in one of the following situations:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989); Murakami, 46 Fed. Cl. at 735 (quoting Esch).

The Esch exceptions to the general rule against supplementation of the record, however, are only triggered where "the omission of extra-record evidence precludes effective judicial review." Murakami, 46 Fed. Cl. at 735. Furthermore, these exceptions must be narrowly construed to avoid the Court's review converting into de novo review. Id. Moreover, it is important to note that Emerald Coast does not contend that supplementation is warranted under one of the factors set forth in Esch and its progeny.

The linchpin of Emerald Coast's motion to supplement the administrative record is its factually and legally unfounded assertion that under the authority of Planning Research Corp. v. United States, 971 F.2d 736, 740-41 (Fed. Cir. 1992), this Court should find that the award decision lacked a rational basis. Emerald Coast, however, has utterly failed to demonstrate that it meets the factors set forth in Planning Research, As previously noted, Emerald Coast's

contention that MPG's performance under the contract is not in compliance with the requirements of the contract, or not in conformance with the representations MPG made in its proposal, is factually and legally incorrect. Emerald Coast's claim is not cognizable because Emerald Coast has not offered a scintilla of evidence that: (1) MPG's "failure" to have some deliveries inspected by a USDA inspector, or MPG's use of distribution facilities other than its Birmingham facility, or its use of suppliers was in violation of the terms of the contract: (2) MPG intended to ignore the contractual requirements regarding those matters at the time it submitted its proposal to the agency and at the time it was awarded the contract: and (3) MPG acted with the acquiescence and assistance of the agency.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Emerald Coast's motion to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:

ELLIOT CLARK
Assistant General Counsel
Defense Commissary Agency
1300 E Ave
Fort Lee, VA 23801-1800

Dated: March 30, 2007

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant