**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EMERALD COAST FINEST PRODUCE CO., INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-742C** |
| | ) | **(Judge Emily C. Hewitt)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MILITARY PRODUCE GROUP, LLC** | ) | |
| | ) | |
| **Defendant-Intervenor.** | ) | |

**DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED AND RESTATED COMPLAINT**

**DANIEL R. WECKSTEIN**

**Vandeventer Black, LLP**
**500 World Trade Center**
**101 W. Main Street, Suite 500**
**Norfolk, VA 23510**
**Attorney of record for Defendant-Intervenor,**
**Military Produce Group, LLC**

**OF COUNSEL:**

**WALTER B. MARTIN**
**STEPHANIE M. HIMEL-NELSON**

**Vandeventer Black, LLP**
**500 World Trade Center**
**101 W. Main Street, Suite 500**
**Norfolk, VA 23510**

March 30, 2007

**AGREED UPON REDACTED COPY – MAY BE MADE PUBLIC**

Pursuant to the Court's Order of February 26, 2007, Intervenor Military Produce Group, LLC ("MPG"), by counsel, sets forth its partial opposition to Plaintiff Emerald Coast Finest Produce Co., Inc's ("Emerald") Motion for Leave to File Amended and Restated Complaint and states as follows:

**Background**

Emerald's original Complaint, included allegations: (1) that organizational conflicts of interest prohibited award to MPG; (2) of affiliation between MPG and another entity; (3) that MPG was not a "responsible contractor"; (4) that DeCA irrationally scored MPG higher for its 30 day start up period; (5) that DeCA did not equally assess Past Performance for MPG and Emerald; and (6) that DeCA conducted an irrational trade-off analysis. Emerald's original Complaint asked that the Court terminate Contract HDEC02-06-D-0014 in its entirety, despite the fact that Emerald had not submitted proposals for both geographical Groups encompassed under the Contract.

After receipt of the Administrative Record, Emerald chose to pursue only its allegations regarding the 30 versus 60 day start up periods and the alleged erroneous evaluation of MPG "teaming partners." After remand and another evaluation by the TEB and the Contracting Officer, Emerald essentially found itself with no viable remaining protest grounds. The Court's Order of February 26, 2007, permitted Emerald to "move to file on or before Friday, March 9, 2007, with an attached form of complaint, an amended and restated complaint to substitute for the complaint filed on November 1, 2006." Now, Emerald seeks to amend its Complaint to allege that: (1) MPG's Experience Sub-Factor was scored as if MPG had teaming partners; (2) MPG is actually using undisclosed teaming partners to make routine deliveries to Commissaries

during Contract performance; and (3) Emerald's allegations regarding the 30 versus 60 day start up period, and the scoring accorded thereto, are still valid.

Only Emerald's allegations of improper scoring related to the 30 versus 60 day start-up period was contained in Emerald's original Complaint. While we continue to argue that such a challenge has no merit, and it has been addressed at length by the Agency, we do not take the position that this portion of the Amended Complaint should not be permitted to be filed.

With respect to Emerald's allegation that MPG has been scored as if it had teaming partners, Emerald misstates the content of the administrative record. Emerald's assertion that additional sources listed in MPG's proposal are "teaming partners" is without support and clearly contradicted by the record. The Court should not permit an Amended Complaint to state a new ground that is not supported by the clear language of the Administrative Record.

With respect to Emerald's allegation of using undisclosed teaming partners to make deliveries under the Contract, this is clearly not grounds for a bid protest, but rather a complaint about post-award performance that Emerald has no standing to raise. As will be discussed in the legal argument section below, it is factually incorrect as well. However, the Court should not permit such a count in an amended Bid Protest when the action complained of is not related to the award or selection process but rather the post-award performance. Thus, the Court should not permit the inclusion of the count related to post-award deliveries in the Amended Complaint.

Finally, Emerald now seeks a ruling that the award of the entire Contract HDEC02-06-D-0014 lacks a rational basis. The Contract, however, covers all of Area 5. Emerald only submitted a competitive proposal for Group 1 in Area 5 and thus lacks standing to challenge the award as it pertains to Area 5, Group 2. Certainly, that portion of Emerald's Amended

Complaint that pertains to Area 5, Group 2 should be stricken and not permitted as an Amended Complaint.

Emerald's Complaint has been, at best, a moving target. Many of the original allegations were simply not supported by the Solicitation language or the Administrative Record. Not to be deterred, however, Emerald keeps revising its allegations and now attempts to delve into Contract performance issues. These purported performance issues are irrelevant to this bid protest and would require extensive supplementation of the Administrative Record, not simply the four affidavits offered by Emerald. Permitting amendment of the Complaint to add new, unsupported counts or allegations, not supported by the Administrative Record and not related to the evaluation and Contract award process, would unduly burden and substantially prejudice the Defendant and the Defendant-Intervenor.

**Legal Argument**

Leave to Amend should only be granted if the amended complaint is not futile; there is no bad faith or dilatory motive on the part of the plaintiff; and the defendant will not be prejudiced by the filing. See St. Paul Fire & Marine Ins. Co. v. United States, 24 Cl. Ct. 518, 520 (1991). In this case, the defending parties will be unduly burdened and substantially prejudiced. The parties were already well into the briefing schedule for Emerald's original Motion for Judgment on the Administrative Record. Now, Emerald seeks to add in allegations regarding MPG's current post-award delivery and distribution method under the Contract and unsupported and futile allegations that MPG was scored as if it had teaming partners. These allegations should be stricken from Emerald's Amended and Restated Complaint.

Emerald's allegation that MPG has been scored as if it had teaming partners is a futile argument and is clearly contradicted by the Administrative Record. The Agency

Supplementation contained in the Administrative Record at AR02209 clearly states that the additional companies listed in MPG's technical proposal were "to be used in emergencies and for back up that appeared to be sub-contractors for sources of supply and distribution rather than teaming partners." Emerald's assertion that these sources are "teaming partners" is without support and clearly contradicted by the record. The Court should not permit an Amended Complaint to state a new protest ground that is not supported by the clear language of the Administrative Record.

Similarly, Emerald's allegations regarding MPG's use of alternate sources for a very small percentage of DeCA sales is clearly a post-award contract performance issue and irrelevant to this bid protest. See Defendant-Intervenor's Opposition to Emerald's Motion to Supplement the Administrative Record. Moreover, the allegation is clearly baseless. The Contract specifically permits use of alternate sources for changed, out-of-cycle, and emergency orders. MPG's proposal also specifically addressed this issue. See id. Additional support for this position is found in MPG's Opposition to Plaintiff's Motion to Supplement the Administrative Record, filed this date as a separate pleading, and in the Affidavit of Richard Harris and supporting documentation attached thereto. Both the Solicitation and MPG's proposal are part of the Administrative Record and readily available to Emerald's counsel.

Rather than review the actual terms of the Solicitation and the remainder of the Administrative Record, Emerald's counsel has exhibited a pattern of throwing as many allegations as he can conjure at MPG and then seeing if he can make any of them stick. Emerald then passes these allegations on to the industry trade press in an attempt to harm MPG's business reputation. MPG can only assume that this behavior will continue, if the Court does not limit

Emerald to true bid protest issues that can be determined based on the evidence contained within the existing Administrative Record.

**Conclusion**

For all of the reasons set forth in the foregoing Opposition to Plaintiff's Motion to for Leave to File Amended and Restated Complaint, MPG respectfully requests that the Court deny Plaintiff's Motion to Amend its Complaint to add new, unsupported, and legally inappropriate counts related to post-award performance or allegation of "undisclosed" teaming partners. MPG also requests that the Court award MPG any further relief to which it may be entitled. If the Court does permit the filing of an Amended Complaint, MPG requests that the Court strike all Emerald allegations and Claims for relief based upon post-award performance issues, or allegations of "undisclosed teaming partners," from Emerald's Proposed Amended and Restated Post-Award Procurement Protest Complaint. There is no evidence in the Administrative Record to support Emerald's allegations.

Respectfully Submitted,

MILITARY PRODUCE GROUP, LLC

By:__/s/_Daniel R. Weckstein__
Daniel R. Weckstein (Va. State Bar No. 17741)
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510-1699
(757) 446-8600
Facsimile: (757) 446-8670
E-mail: dweckstein@vanblk.com

Of counsel

Walter B. Martin (Va. State Bar No. 4214)
Stephanie M. Himel-Nelson (Va. State Bar No. 46966)

VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510-1699
(757) 446-8600
Facsimile: (757) 446-8670
Email : wmartin@vanblk.com
shimelnelson@vanblk.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing pleading was sent by E-Mail the 30th day of March, 2007 to counsel herein as follows:

Cyrus E. Phillips, IV, counsel for Emerald Coast, at lawyer@procurement-lawyer.com

Leslie Ohta, Esquire, counsel for Defense Commissary Agency, at Leslie.Ohta@usdoj.gov

Elliott Clark, Esquire, Assistant General Counsel for Defense Commissary Agency at Elliot.clark@deca.mil

By:_/s/_Daniel R. Weckstein__
Of Counsel

**Protected Information Redacted**