# In the United States Court of Federal Claims

No. 06-742 C

(E-Filed: May 7, 2007)
**FILED UNDER SEAL**[1]

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO. INC., Plaintiff, | ) | Post-Award Bid Protest; Motion to Supplement the Administrative Record; Motion for Leave to File an Amended Complaint. |
| v. | ) | |
| THE UNITED STATES, Defendant, | ) | |
| and | ) | |
| MILITARY PRODUCE GROUP, LLC, Defendant-Intervenor. | ) | |

Cyrus E. Phillips, IV, Washington, DC, for plaintiff.

Leslie Ohta, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. Elliot Clark, Assistant General Counsel, Defense Commissary Agency, Fort Lee, VA, of counsel.

[1]This Order is filed under seal. If any party believes that this Order contains protected material that should be redacted before publication, that party shall, by motion to be filed on or before May 21, 2007, request the court that such protected material be redacted. The motion shall indicate the specific protected material as to which redaction is requested and, with respect to each such proposed redaction, the reason(s) for the request.

Daniel Weckstein, Norfolk, VA, for defendant-intervenor. Walter B. Martin and Stephanie M. Himel-Nelson, Norfolk, VA, of counsel.

ORDER

Before the court are Plaintiff's Motion to Supplement the Administrative Record and Memorandum in Support of the Motion to Supplement (Mot. Supp. or motion to supplement), Plaintiff's Motion for Leave to File Amended and Restated Complaint and Memorandum in Support of the Motion for Leave to File (Mot. Amend. or motion to amend) (collectively, plaintiffs' motions), Defendant's Response to Plaintiff's Motion for Leave to File Amended and Restated Complaint (Def.'s Amend Resp. or defendant's response to motion to amend), Defendant's Response to Plaintiff's Motion to Supplement the Administrative Record (Def.'s Resp. Supp. or defendant's response to supplement), Defendant-Intervenor's Opposition to Plaintiff's Motion to Supplement the Administrative Record (Def.-Int.'s Opp. Supp. or defendant-intervenor's opposition to supplement), Defendant-Intervenor's Opposition to Plaintiff's Motion for Leave to File Amended and Restated Complaint (Def.-Int.'s Opp. Amend. or defendant-intervenor's opposition to motion to amend), Plaintiff's Replies to Response and Opposition to Plaintiff's Motion to Supplement the Administrative Record (Pl.'s Replies Supp. or plaintiff's replies to supplement), and Plaintiff's Replies to Response and to Opposition to Plaintiff's Motion for Leave to File Amended and Restated Post-Award Procurement Protest Complaint and Plaintiff's Motion to Strike (Pl.'s Amend Reply or plaintiff's reply to motion to amend). For the following reasons, plaintiff's motions are DENIED.

I. Background

This is a post-award bid protest filed by Emerald Coast Finest Produce Company, Incorporated (Emerald Coast), a fresh produce distributor that serves military facilities, plaintiff's Statement of Facts (Facts) 2,[2] challenging an award to Military Produce Group, LLC (Military Produce Group) under Request for Proposal Number HDEC02-06-R-0005 (Solicitation) issued by the United States, id. at 5-6, acting through the Defense Commissary Agency of the Department of Defense, Resale Contracting Division (DeCA), id. at 2. Pursuant to the court's Order of November 3, 2006, defendant filed its certified Administrative Record (AR) on November 17, 2006. See Order of Nov. 3, 2006; Rule 52.1(a) of the Rules of the Court of Federal Claims (RCFC); Defendant's Notice of Filing of Administrative Record. The parties filed cross-motions for judgment on the

[2]Facts relied on in this opinion and cited to a statement of facts or other filings of only one of the parties do not appear to be in dispute. Plaintiff's Statement of Facts (Facts) was filed on November 24, 2006 in connection with proceedings prior to remand.

administrative record.[3] Plaintiff's Motion for Judgment on the Administrative Record, Nov. 24, 2006; Defendant's Opposition to Plaintiff's Motion for Judgment on the Administrative Record and Defendant's Cross Motion for Judgment upon the Administrative Record, Dec. 15, 2006. On January 16, 2007, defendant filed Defendant's Motion for Stay of Proceedings or Remand. The court granted-in-part defendant's motion, remanded the case to DeCA, and ordered DeCA to cause to occur an evaluation by the Technical Evaluation Board (TEB) and a decision by the Source Selection Authority (SSA) on plaintiff's and defendant-intervenor's proposals in accordance with the terms of the solicitation. Order of Jan 26, 2007 11. In order to focus attention on the issues in dispute, the court directed that the proposals of Emerald Coast and Military Produce Group be re-evaluated only with respect to Area 5, Group 1.[4] Id. at 2.

DeCA operates military commissary stores "on Department of Defense installations for the economic benefit of military personnel, their families, and . . . other persons granted access to these . . . stores." Facts 3. The stores stock and sell a wide variety of grocery food products and non-food products, such as health and beauty aids. Id. at 3-4. Military commissary stores sell their products at reduced prices by selling them at cost plus a standard surcharge. Id. at 4. Congress allows these stores to sell at reduced prices, 10 U.S.C. § 2481(a), in order to "enhance the quality of life of members of the uniformed services, retired members, and dependents of such members and to support military readiness, recruitment, and retention," id. at § 2481(b).

DeCA issued the Solicitation on March 20, 2006, seeking competitive proposals for the daily supply of fresh fruits and vegetables to seventy-seven military commissary stores located in the north and south of DeCA's East Region. Facts 5-6. Those who offered proposals to DeCA were required "to offer a [m]inimum [p]ercentage of [p]atron [s]avings of at least" thirty-eight percent "when comparing DeCA's selling price . . . to the selling price of the same or similar items from comparable commercial supermarkets

---

[3]Inexplicably, the parties cite to Rule 56.1 and Rule 56.2 of the Rules of the United States Court of Federal Claims (RCFC) in their filings. See Defendant's Opposition to Plaintiff's Motion for Judgement on the Administrative Record and Defendant's Cross Motion for Judgment upon the Administrative Record 5; Plaintiff's Motion for Judgement on the Administrative Record 1. Rule 56.1 was abrogated and replaced by RCFC 52.1 on June 20, 2006. RCFC 56.1, Rules Committee Note (2006). The court considers the parties' filings under RCFC 52.1. See Order of November 3, 2006 (stating that the court is setting "the schedule for subsequent briefing in accordance with Rule 52.1(b) of the [RCFC]").

[4]DeCA divides the regions it serves into "Areas" and "Groups." The region that is at issue in this case is Area 5, Group 1, which includes military commissary stores located in the mid-South. Statement of Facts (Facts) 6.

within the local commuting area and/or the geographical area within a 25-mile radius of a military commissary store." Id. at 6-7. The Solicitation required that the offered minimum percentage of patron savings be maintained throughout the life of the contract. Id. at 7. If the minimum percentage of patron savings was not achieved and maintained, the Solicitation required that the military commissary prices for fresh fruits and vegetables be reduced; otherwise, the contract may be terminated. Id. at 8.

On February 22, 2007, defendant filed with the court the re-evaluations by the TEB of the proposals submitted by Emerald Coast and Military Produce Group and the decision by the SSA. See Defendant's Second Notice of Filing of Administrative Record 1-2. As with the initial evaluation, the proposals were judged for technical capability, past performance, and proposed minimum of patron savings. Administrative Record (AR) 02210-13. The TEB evaluation afforded Military Produce Group a combined score of 169 that exceeded the score given to Emerald Coast by twenty-six points. Id. at 02213. The TEB also found that Military Produce Group offered a proposed minimum percentage of patron savings that was somewhat lower than that proposed by Emerald Coast. Id. The SSA based her selection upon the TEB's evaluation and awarded the contract to Military Produce Group. Id. at 02214. Specifically, the SSA found:

> in considering the solicitation's evaluation criteria that Technical Capability is significantly more important than Past Performance and when these two evaluation factors are combined they are significantly more important than Price, it was determined that the significantly higher technically rated proposal and somewhat lower percentage savings proposal submitted by [Military Produce Group] is the better value to the Government than the significantly lower technically rated and somewhat higher percentage savings proposal submitted by Emerald.

Id.

At a telephonic status conference on February 26, 2007, plaintiff stated that it had identified materials that it believed should be included within the administrative record and, if so included, would support the filing of an amended complaint. Further to discussion with the parties, the court ordered briefing on plaintiff's proposed supplements to the administrative record and motion to amend its complaint. Order of Feb. 26, 2007 1. For reasons of efficiency, it was anticipated that the court would issue its opinion on plaintiff's motion to supplement and motion to amend before the parties addressed the results of the remand. Plaintiff filed its motion to supplement and motion to amend on March 9, 2007. Mot. Amend 1; Mot. Supp. 1; see also Order of Feb. 26, 2007 1. Defendant and defendant-intervenor filed their respective responses on March 30, 2007,

Def.'s Amend Resp. 1; Def.'s Resp. Supp. 1; Def.-Int.'s Opp. Amend 1; and Def-Int.'s Opp. Supp. 1, and plaintiff filed its replies on April 6, 2007, Pl.'s Amend Reply 1, Pl.'s Replies Supp. 1. Further oral argument is deemed unnecessary.

## II. Plaintiff's Motion to Supplement

The court first addresses plaintiff's motion to supplement. The motion requires the court to examine the nature and purpose of the administrative record in a bid protest proceeding and to determine whether plaintiff's proposed supplements would be appropriate to be included as part of the administrative record in this case.

### A. Standards of Review

As a general rule, when considering motions for judgment on the administrative record within the context of a bid protest proceeding, the court focuses its review on "'the administrative record already in existence.'" Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States (Al Ghanim), 56 Fed. Cl. 502, 508 (2003) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam)). However, because "the administrative record is not a documentary record maintained contemporaneously with the events or actions included in it," Tech Sys., Inc. v. United States, 50 Fed. Cl. 216, 222 (2001), and is therefore, "[a]s a practical matter, . . . something of a fiction," Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 350 (1997), the court will supplement the administrative record under certain circumstances.

Supplementation of the administrative record is appropriate where the record is insufficient for the court to render a decision, Impresa Construzioni Geom. Domenico Garufi v. United States (Impresa), 238 F.3d 1324, 1338 (Fed. Cir. 2001) (holding that supplementation of record is appropriate where "required for meaningful judicial review"); Portfolio Disposition Mgmt. Group, LLC v. United States, 64 Fed. Cl. 1, 12 (2005) ("We may allow supplementation of the administrative record in limited circumstances where the record is insufficient for the [c]ourt to render a decision."); Asia Pac. Airlines v. United States, 68 Fed. Cl. 8, 18 (2005) (citing Impresa). In particular, the court will supplement the administrative record to fill gaps concerning the factors the contracting officer considered in reaching his decision. See Impresa, 238 F.3d at 1338-39 (ordering supplementation of administrative record with contracting officer's deposition testimony). The court will also supplement the administrative record when the supplementary evidence presented is "evidence without which the court cannot fully understand the issues." Al Ghanim, 56 Fed. Cl. at 508; see Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997) (supplementation appropriate to aid court in understanding "the highly technical nature of the issues") (citing Esch v. Yeutter, 876

F.2d 976, 991 (D.C. Cir. 1989) (supplementation of administrative record permitted "when the agency failed to consider factors which are relevant to its final decision" and "when a case is so complex that a court needs more evidence to enable it to understand the issues clearly")) .

B. Discussion

Plaintiff moves to supplement the administrative record with four declarations from employees of entities which, plaintiff asserts, are undisclosed "teaming partners" who will assist Military Produce Group in performing the contract. Mot. Supp. 2. Plaintiff asserts that these "teaming partners" made deliveries to the commissaries without first obtaining United States Department of Agriculture (USDA) certification, which, plaintiff alleges, is required by the Solicitation. Id. Defendant responds that the conduct of Military Produce Group conforms with the requirements of the contract, that there are no undisclosed teaming partners, and that Emerald Coast fails "to provide a valid basis for supplementing the record with declarations that were not considered by the SSA in making her award decision." Def.'s Resp. Supp. 2-3. Defendant supports its defenses by a declaration of Sheila S. Norfus, the SSA, which states that Military Produce Group has acted in conformity with the contract. Id., Ex. 1, 1-5. Defendant-Intervenor argues that plaintiff's proposed supplement addresses only post-award conduct, plaintiff's allegations have no merit, and that Military Produce Group is performing the contract as proposed. Def.-Int.'s Opp. Supp. 2-6. Defendant-intervenor supports its statements with an affidavit of Richard Harris, the vice-president of Military Produce Group, which states that Military Produce Group has performed the contract with DeCA in conformity with the solicitation's requirements. Id., Ex. 1, 1-2.

The declarations that plaintiff seeks to add to the administrative record state that each of the declarant's companies supplied fresh fruit and vegetables to Military Produce Group, except for the representative from Emerald Coast, who states that Military Produce Group asked Emerald Coast to make a delivery but that Emerald Coast refused, Mot. Supp., Ex. 1-4 passim, except for a single delivery to Military Produce Group on October 7, 2006, id. at Ex. 2, 2. With the exception of that particular delivery, the deliveries allegedly occurred between November 2006 through February 2007. Id. at Ex. 1-4 passim. None of the declarants claims to be a teaming partner of Military Produce Group. Id. There is no mention in any of the declarations of USDA inspections. Id.

Plaintiff cites Planning Research Corp. v. United States (Planning Research), 971 F.2d 736 (Fed. Cir. 1992) as "controlling precedent" for the view that "evidence of this sort is allowed where [a]gency actions after [c]ontract award evince disregard of the [c]ontract requirements upon which [c]ompetitive [p]roposals were evaluated." Mot.

Supp. 4. In Planning Research, the Federal Circuit held that a bid protest action was a proper proceeding in which to review the winning bidder's post-award substitution of personnel to perform the contract because the bidder had misrepresented the personnel to be used on the contract. 971 F.2d at 743. The court found that the "massive" substitution of personnel made by the awardee with the acquiescence and assistance of the agency constituted an intended "bait and switch" and tainted the bidding and evaluation process. Id. at 740-42.

The court believes that plaintiff's reliance on Planning Research is misplaced. Plaintiff does not allege anything like the type of egregious government behavior that would be analogous to that of the winning bidder in Planning Research. It does not suggest that DeCA agreed to and assisted Military Produce Group in its alleged non-conformance with the solicitation's terms. Nor does plaintiff claim or present evidence that would demonstrate Military Produce Group's intent to ignore any contractual requirements at the time it submitted its proposal to DeCA and at the time it was awarded the contract. The claims that plaintiff does make – that Military Produce Group relies upon undisclosed teaming partners and that certain deliveries are not inspected by the USDA – are not supported by the declarations that plaintiff seeks to add to the administrative record. The declarations themselves simply state that certain deliveries were made by the declarants' employers to Military Produce Group from October 2006 through February 2007. Plaintiff's evidence does not require the conclusions that plaintiff draws, and plaintiff fails to allege certain elements, such as DeCA's collaboration and Military Produce Group's intent, that were necessary to the result reached by the Planning Research court.

Plaintiff also cites Orion International Technologies v. United States (Orion), 66 Fed. Cl. 569 (2005) and Consolidated Engineering Services, Inc. v. United States (Consolidated), 64 Fed Cl. 617 (2005) in support of its argument that the court has considered post-award conduct in previous cases and, presumably, should consider such conduct in this case. Mot. Supp. 4. However, neither of those cases advances plaintiff's claims. As in Planning Research, both Orion and Consolidated involve a potential "bait and switch," but the plaintiffs in both cases failed to convince the court to set aside the agency's award of the contract to the winning bidder. Orion, 66 Fed. Cl. at 578-79; Consolidated, 64 Fed. Cl. at 641.

The court also finds problematic the timing of the alleged activities that plaintiff seeks to add to the administrative record by way of the four declarations. DeCA announced the original awarding of the contract for Area 5, Group 1 to Military Produce Group on October 20, 2006. AR 02093. With the exception of a single delivery claimed to have been made by plaintiff itself, all of the alleged deliveries upon which plaintiff

bases its claim that Military Produce Group is failing to perform in accordance with the terms of the Solicitation occurred after the award of the contract. Because the deliveries occurred after the contract award, not prior to the award, the deliveries could not have been considered by the contracting officer when making a determination of Military Produce Group's responsibility and eligibility and, therefore, the declarations are irrelevant to the court's review of the contracting officer's determination of Military Produce Group's responsibility or eligibility. Furthermore, there is nothing in the proposed amendment to the record that shows that the October 6, 2006 delivery could have come to the attention of the SSA. The single delivery that occurred before the awarding of the contract was made by plaintiff itself, and the very first statement made by Emerald Coast's declarant, Michael L. Murphy, is that plaintiff declined an alleged offer by defendant to enter into a teaming arrangement. See Mot. Supp., Ex. 2. In addition, Mr. Murphy's declaration is irrelevant to the court's review of the TEB's evaluation and the SSA's decision because it does not support the claims that plaintiff now alleges. Accordingly, the court DENIES plaintiff's motion to supplement the administrative record.

## III. Plaintiff's Motion to Amend

The court now turns to plaintiff's motion to amend. Motions to amend are governed by Rule 15(a) and interpretive case law. The case law focuses on the determination of whether justice will be served by allowing the motion. In this case, the motion to amend is closely related to the motion to supplement the administrative record, which the court denied above.

### A. Standards of Review

Rule 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

RCFC 15(a). The decision to grant or deny an amendment to a pleading lies within the reasonable discretion of the trial court. Foman v. Davis (Foman), 371 U.S. 178, 182 (1962). The Supreme Court has held that leave may be denied under circumstances

where there is a an apparent or declared reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. (emphasis added).

The Tucker Act, as amended by the Administrative Disputes Resolution Act (ADRA), 28 U.S.C. § 1491(b) (2004), confers jurisdiction on this court

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1).

The court reviews a bid protest action under the standard set forth in the Administrative Procedure Act (APA), 5 U.S.C. § 706 (2004). NVT Techs., Inc. v. United States, 370 F.3d 1153, 1159 (Fed. Cir. 2004). The APA provides that an agency's decision is to be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see also Galen Med. Assocs., Inc. v. United States, 369 F.3d 1324, 1329 (Fed. Cir. 2004); Impresa, 238 F.3d at 1332; Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1057 (Fed. Cir. 2000). "[T]he court implements this APA standard by applying the standard as previously interpreted by the district court[] in [Scanwell Labs., Inc. v. Shaffer (Scanwell), 424 F.2d 859 (D.C. Cir. 1970)]."[5] Banknote Corp. of Am., Inc. v. United States, 365 F.3d 1345, 1351 (Fed. Cir. 2004).

The Federal Circuit has stated that, under the APA standard applied in Scanwell, and now under the ADRA, "'a bid award may be set aside if either (1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure.'" Id. (quoting Impresa, 238 F.3d at 1332). When

---

[5]In Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859, 874-75 (D.C. Cir. 1970), the Court of Appeals for the District of Columbia Circuit upheld the district court's review of government procurement decisions under the Administrative Procedure Act (APA), 5 U.S.C. § 706 (2004). See id.

challenging a procurement on the ground of a regulatory violation, the protester "must show a clear and prejudicial violation of [the] applicable statutes or regulations." Id. (quoting Impresa, 238 F.3d at 1333). The protester must also "show that there was a 'substantial chance' [that] it would have received the contract award absent the alleged error." Id. (quoting Emery Worldwide Airlines, Inc. v. United States, 264 F.3d 1071, 1086 (Fed. Cir. 2001)). Therefore, "an agency's procurement decisions will be upheld unless shown to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Process Control Techs., Inc. v. United States, 53 Fed. Cl. 71, 75 (2002) (quoting 5 U.S.C. § 706(2)(A)).

B. Discussion

Plaintiff argues that the court should grant leave for plaintiff to file its amended and restated complaint because justice so requires and the filing will not unduly burden or substantially prejudice defendant or defendant-intervenor. Mot. Amend 2. Plaintiff cites System Fuels, Inc. and Entergy Arkansas, Inc. v. United States, 73 Fed. Cl. 206, 210-11 (2006) and St. Paul Fire & Marine Ins. Co. v. United States, 24 Cl. Ct. 518, 521 (1991) (St. Paul Fire), respectively, in support of its two arguments. Id. Defendant responds that the court should deny plaintiff's motion to leave because "there is absolutely no legal or factual basis for [plaintiff's] position." Def.'s Amend Resp. 1. More specifically, defendant asserts that the amendments would be futile, that there is no merit to plaintiff's assertions in its amended complaint, and that plaintiff's reliance on case law is misplaced. Id. at 2-8. Defendant-intervenor argues that plaintiff's claims in the amended complaint are not supported by the Administrative Record and that "the action complained of is not related to the award or selection process but rather the post-award performance." Def.-Int.'s Opp. Amend. 3.

In order to determine whether or not to grant plaintiff's motion to amend, the court first reviews the amended complaint. Plaintiff attached a copy of its Amended and Restated Post-Award Procurement Protest Complaint (amended complaint) to its motion to amend. See Mot. Amend, Ex. 1. In the amended complaint, plaintiff states six claims for relief.[6] Id. at 27-32. Claims one through four state that the award of the contract to Military Produce Group "lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious because," plaintiff alleges, that the evaluation of Military Produce

---

[6]The court notes that plaintiff labeled two separate claims of relief as "Third Claim of Relief." Plaintiff's Motion for Leave to File Amended and Restated Complaint and Memorandum in Support of the Motion for Leave to File (Mot. Amend. or motion to amend), Ex. 1, 29-30. The court refers to the second of these as "the fourth" claim, and the "fourth" and "fifth" claims as the "fifth" and "sixth" claims, respectively.

Group's proposal assumes that it had teaming partners, that the evaluation "ignores Military Produce Group's commitment to use a distribution facility in Birmingham, Alabama," that not all of Military Produce Group's deliveries are inspected by the United States Department of Agriculture, that Military Produce Group "is using undisclosed teaming partners to make deliveries," and that there is no explanation regarding Military Produce Group's ability to fulfill the contract's requirements with eleven refrigerated tractor-trailers while Emerald Coast proposed that it would require fifty-three truck trailers. Id. The fifth claim alleges that the award was made to Military Produce Group based upon factors considered outside of those listed in solicitation, and the sixth claim states that DeCA "has tainted the process by which the [c]ontract was awarded" by, plaintiff alleges, "DeCA's indifference" to Military Produce Group's implementation of the contract. Id. at 31-32. Defendant and defendant-intervenor both offer arguments to contradict these factual allegations, but the court does not find it necessary to reach those arguments in order to decide plaintiff's motion to amend. See generally Def.'s Amend Resp.; Def.-Int.'s Opp. Amend.

Under the Tucker Act, the court has the authority to adjudicate any alleged wrongdoing "in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1) (emphasis added). With regard to actions involving a bid protest, therefore, the court may concern itself only with the solicitation, proposal, and procurement procedures of a particular contract. As this court stated in Precision Standard, Inc. v. United States, 69 Fed. Cl. 738, aff'd, Precision Std., Inc. v. United States, 2007 U.S. App. LEXIS 8092 (Fed. Cir. Apr. 6, 2007) (table):

> The court is charged with a review of the contracting officer's actions for an abuse of discretion. The court cannot use events that occurred after award of the contract - which the contracting officer could not have considered during the procurement process - to evaluate whether the contracting officer abused his discretion during the procurement process or at the time of the contract award.

Precision Std., Inc., 69 Fed. Cl. at 746 n.6 (internal citations omitted).

Each of the six claims for relief that plaintiff sets forth in its amended complaint is dependent upon facts alleged to have occurred after the award of the contract to Military Produce Group. When plaintiff alleges that Military Produce Group performs the contract with undisclosed teaming partners, uses a different distribution facility than what it had submitted in its proposal, or does not conduct all USDA inspections, plaintiff speaks about contract performance, not the procedures or actions associated with the decision to award the contract. Because all of the claims, with a possible exception not

relevant here, cf. Planning Research, 971 F.2d at 74-42, are outside of the court's ADRA jurisdiction, the filing of the amended complaint would be "futile." See Foman, 371 U.S. at 182. The court, therefore, DENIES plaintiff's motion to amend.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion to amend and motion to supplement are DENIED. The court will conduct a telephonic status conference with the parties to address further proceedings in this case.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge