IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO., INC., Plaintiff, | ) | |
| v. | ) | No. 06-742C (Judge Emily Hewitt) |
| THE UNITED STATES, Defendant, | ) | |
| and | ) | |
| MILITARY PRODUCE GROUP, LLC, Defendant-Intervenor. | ) | |

.

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully submits this reply brief in support of our cross-motion for judgment upon the administrative record. As we demonstrated in our July 11, 2007 motion, the agency's decision to award the contract at issue to Military Produce Group, LLC ("MPG") was made in accordance with law, and has a rational basis. Accordingly, that decision should be upheld.

In its three-page opposition to our cross-motion for judgment upon the administrative record, Emerald Coast Finest Produce Co., Inc. ("Emerald Coast") addresses only one relevant issue, that is, whether the Source Selection Authority ("SSA") properly considered the representations made by Emerald Coast in its July 23, 2006 letter concerning USDA inspections. Plaintiff's Brief in Response to Opposition and Cross-Motions for Judgment on the

Administrative Record ("Pl.'s Opp.") at 1-3.[1] The gravamen of Emerald Coast's contention that the evaluation of the quality program sub-factor was arbitrary is that the agency erroneously assumed that Emerald Coast had no on-site USDA inspectors, and erroneously gave MPG credit for on-site USDA inspectors. As demonstrated in our motion, Emerald Coast's contention is wholly without merit, constituting nothing more than mere disagreement with the agency's technical evaluation of its proposal.

Initially, Emerald Coast indicated that it intended to rely upon its own quality control personnel to perform the necessary inspections, and not on on-site USDA inspectors. AR01152. Emerald Coast, in response to the agency's July 28, 2006 letter, however, stated as follows:

> Emerald Coast is prepared to engage the necessary USDA inspectors domiciled at our Pensacola, Florida warehouse to execute the contract. With approximately 100 orders and 50,000 cases per week shipping to 19 locations in Area 5, Group 3, we estimate it will take 60 hours to inspect, grade, mark and do necessary paperwork for this volume.

AR01240.

The SSA's determination that Emerald did not have USDA inspectors on site was reasonable. AR02211. Similarly, it was reasonable for the SSA to weigh the fact that Emerald Coast had no experience working with USDA inspectors, against MPG's experience in that regard. In contrast to Emerald Coast, MPG had a full time USDA inspector located at its facility to inspect all fresh fruit and vegetables, thus providing MPG's quality assurance inspectors the opportunity to work along side the USDA inspector on a daily basis to ensure that

---

[1] Emerald Coast notes that Amendment 0004 eliminated Fort Buchanan from the solicitation, Pl.'s Opp. at 1, a fact that is irrelevant to the SSA's decision that is the subject matter of the current dispute.

all products were inspected, received, stored, and shipped correctly. See AR01762 - AR01763; AR01758; AR01762.

As previously discussed in our motion, there is no merit to Emerald Coast's opposition. In essence, Emerald Coast is asking this Court to second guess the determination of the SSA to rate MPG's technical proposal higher than Emerald Coast's. Technical ranking decisions, however, are minutiae of the procurement process, which involve discretionary determinations of procurement officials that a court will not second guess. Textron, Inc. v. United States, 74 Fed. Cl. 11 (2006)(citing E.W. Bliss Co. v. United States, 77 F.3d 445, 449 (Fed. Cir.1996)). See also Textron, Inc. v. United States, 74 Fed. Cl. 11 (2006) (mere disagreement with the agency's judgment is not sufficient to establish that the agency acted unreasonably.) In addition, the SSA is not required to quantify the trade-offs that led to her decision. See Information Sciences Corp. v. United States, 73 Fed. Cl. 70 (2006)(source selection decision must include the rationale for all business judgments and tradeoffs made or relied upon by the SSA; the SSA, however, need not quantify the tradeoffs that led to the decision).

## CONCLUSION

For the foregoing reasons, and for the reasons previously stated, defendant respectfully requests that the Court deny Emerald Coast's motion for judgment upon the administrative record, and grant defendant's cross-motion for judgment upon the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

<u>OF COUNSEL</u>:

ELLIOT CLARK
Assistant General Counsel
Defense Commissary Agency
1300 E Ave
Fort Lee, VA 23801-1800

Dated: August 7, 2007