IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-742C |
| | ) | (Judge Emily Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MILITARY PRODUCE GROUP, LLC, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S REVISED MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND DEFENDANT'S CROSS MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

STEVEN J. GILLINGHAM
Assistant Director

LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

OF COUNSEL:

ELLIOT CLARK
Assistant General Counsel
Defense Commissary Agency
1300 E Ave
Fort Lee, VA 23801-1800

Dated: July 11, 2007

**AGREED UPON REDACTIONS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE ISSUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Rule 52.1 Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Standard Of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. The Agency's Decision To Award The Contract To MPG Was Not Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Contrary To Law. . . . . . . . . . . . . . . . . 4

A. The Evaluations Of Emerald Coast's And MPG's Proposals On The Quality Program Sub-Factor Were Not Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Contrary To Law. . . . . . . . . . . . . . . . . . . . 4

B. The Evaluations Of Emerald Coast's And MPG's Proposals On The Production Capability / Distribution Plan Sub-Factor Were Not Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Contrary To Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

C. The Evaluations Of Emerald Coast's And MPG's Proposals Was Not Pretextual. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## CASES

A & D Fire Protection, Inc. v. United States,
72 Fed. Cl. 126 (2006). . . . . . . . . . 2

Alfa Laval Sep'n, Inc. v. United States,
175 F.3d 1365 (Fed. Cir. 1999). . . . . . . . . . 4

Banknote Corp. of America, Inc. v. United States,
56 Fed. Cl. 377 (2003). . . . . . . . . . 3

Bannum, Inc. v. United States,
404 F.3d 1346 (Fed. Cir. 2005). . . . . . . . . . 2

CACI, Inc.-Federal v. United States,
719 F.2d 1567 (Fed. Cir. 1983). . . . . . . . . . 2, 4

Citizens to Preserve Overton Park, Inc. v. Volpe,
401 U.S. 402 (1971).. . . . . . . . . . 3

Continental Business Enterprises v. United States,
196 Ct. C 452 F.2d 1016 (1971). . . . . . . . . . 3

EP Productions, Inc. v. United States,
63 Fed. Cl. 220 (2005) , aff'd, 163 Fed. Appx. 892 (Fed. Cir. 2006) (table).. . . . . . . . . . 2

Fire-Trol Holdings, LLC v. United States,
66 Fed. Cl. 36 (2005). . . . . . . . . . 3

Impresa Construzioni Geom. Domenico Garufi v. United States,
238 F.3d 1324 (Fed. Cir. 2001). . . . . . . . . . 2

Labat-Anderson, Inc. v. United States, ,
42 Fed. Cl. 806 (1999). . . . . . . . . . 3

Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co.,
463 U.S. 29 (1983).. . . . . . . . . . 3

Software Testing Solutions, Inc. v. United States,
58 Fed. Cl. 533 (2003). . . . . . . . . . 3

## STATUTES

5 U.S.C. § 706 . . . . . . . . . . 4

## MISCELLANEOUS

John Cibinic, Jr. & Ralph C. Nash, Jr., Formation of Government Contracts 714, 928-29, 937-38 (3d ed. 1998). . . . . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-742C |
| | ) | (Judge Emily Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MILITARY PRODUCE GROUP, LLC, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S REVISED MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND DEFENDANT'S REVISED CROSS MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Pursuant to Rule 52.1 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully responds to the motion of plaintiff, Emerald Coast Finest Produce Co., Inc., ("Emerald Coast") for judgment upon the administrative record and requests the Court to grant judgment upon the administrative record in favor of defendant and against plaintiff. Plaintiff's complaint must fail because plaintiff has not demonstrated that the agency's decision to award the contract at issue to Military Produce Group, LLC, ("MPG") was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

## STATEMENT OF THE ISSUE

Whether the agency's decision to award the contract to MPG was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

## STATEMENT OF FACTS

For our statement of the facts, we refer the Court to our statement of facts filed

concurrently with this motion.

ARGUMENT

I. Rule 52.1 Standards

Under RCFC 52.1, the Court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based upon the evidence in the record. A & D Fire Protection, Inc. v. United States, 72 Fed. Cl. 126 (2006) (citing Bannum, Inc. v. United States, 404 F.3d 1346, 1356 (Fed. Cir. 2005)). The Court must make fact findings where necessary. A & D Fire Protection, 72 Fed. Cl. At 131.

II. Standard Of Review

This Court's review of agency procurement decisions is limited. In the bid protest context, this Court should enjoin a procurement decision only when "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 (Fed. Cir. 2001). When a bidder's challenge implicates the first ground, the protestor "bears a heavy burden" of showing that the agency's decision had no rational basis. Id. at 1333. This heavy burden stems from the wide discretion afforded to contracting officers "upon a broad range of issues confronting them in the procurement process." Id. at 1332. Indeed, this Court will "interfere with the government procurement process 'only in extremely limited circumstances.'" EP Productions, Inc. v. United States, 63 Fed. Cl. 220, 223 (2005) (quoting CACI, Inc.-Federal v. United States, 719 F.2d 1567, 1581 (Fed. Cir. 1983)), aff'd. 163 Fed. Appx. 892 (Fed. Cir. 2006) (table).

An agency's decision could be found irrational if the agency "entirely failed to consider

an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). In evaluating an agency's decision, the Court "is not empowered to substitute its judgment for that of the agency." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). In particular, when the Court considers "a purely factual question within an area of competence of an administrative agency created by Congress . . . the Court will recognize the relevant agency's technical expertise and defer to its analysis unless it is without substantial basis in fact." Fire-Trol Holdings, LLC v. United States, 66 Fed. Cl. 36, 40 (2005) (internal quotes and citations omitted).

As a result, Government contracting personnel possess "'broad discretion . . . to determine whether a proposal is technically acceptable.'" Labat-Anderson, Inc. v. United States, 42 Fed. Cl. 806, 846 (1999) (quoting Continental Business Enterprises v. United States, 196 Ct. Cl.627, 637, 452 F.2d 1016, 1021 (1971)).

Moreover, this is a negotiated "best value" procurement. "[A] 'protester's burden is particularly great in negotiated procurements because the contracting officer is entrusted with a relatively high degree of discretion, and greater still where . . . the procurement is a "best-value" procurement.'" Software Testing Solutions, Inc. v. United States, 58 Fed. Cl. 533, 538 (2003) (quoting Banknote Corp. of America, Inc. v. United States, 56 Fed. Cl. 377, 380 (2003) and citing cases); accord, e.g., John Cibinic, Jr. & Ralph C. Nash, Jr., Formation of Government Contracts 714, 928-29, 937-38 (3d ed. 1998) .

Furthermore, in order to prevail, the protester must – in addition to establishing that the

agency committed a clear violation of law or abused its discretion – prove that the error materially prejudiced the protester by depriving it of a "substantial chance" of obtaining the award. Alfa Laval Sep'n, Inc. v. United States, 175 F.3d 1365, 1367 (Fed. Cir. 1999); CACI, Inc.-Federal. v. United States, 719 F.2d at 1573; see also 5 U.S.C. § 706 ("due account shall be taken of the rule of prejudicial error").

## III. The Agency's Decision To Award The Contract To MPG Was Not Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Contrary To Law.

### A. The Evaluations Of Emerald Coast's And MPG's Proposals On The Quality Program Sub-Factor Were Not Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Contrary To Law

The gravamen of Emerald Coast's contention that the evaluation of the quality program sub-factor was arbitrary is that the agency [ ], and [ ]. Emerald Coast's contention is wholly without merit, constituting nothing more than mere disagreement with the agency's technical evaluation of its proposal.

The RFP clearly stated that any failure to comply with the instructions in the RFP would be considered indicative of the kind of behavior that the agency could expect during contract performance. Offerors also were advised to propose their best offer initially, containing the best terms from a price and technical standpoint. In the opinion of the agency, Emerald Coast failed to follow this mandate, finding that Emerald Coast in many areas and throughout the sub-factors, merely provided a broad overview of its approach to the technical areas, with few details. See AR02210 - AR02214. Emerald Coast's overview failed to provide the agency with sufficient details to determine whether Emerald Coast's approach and procedures would meet the requirements of the RFP.

In its initial proposal, Emerald Coast stated [ ]. The agency raised this with Emerald Coast, which responded only that it was [ ]. Hence, the agency reasonably gave a higher rating to MPG, because MPG [ ]. Moreover, Emerald Coast provided no details as to how and when the [ ] would be integrated into Emerald Coast's production process. AR02211.

B. The Evaluations Of Emerald Coast's And MPG's Proposals On The Production Capability / Distribution Plan Sub-Factor Were Not Arbitrary, Capricious, An Abuse of Discretion, Or Otherwise Contrary To Law

Emerald Coast next contends that the CO rated the technical merits of its proposal upon an undisclosed evaluation factor.[1] Pl's June 25, 2007 Motion at 26. The gravamen of Emerald Coast's complaint in this regard is that, in scoring the production capability/distribution plan subfactor of the technical evaluation factor, the CO unfairly considered the fact that Emerald Coast required a [ ]-day contract start up period, whereas MPG required only a [ ]-day startup period. According to Emerald Coast, the CO's favorable consideration of MPG's faster startup was not in accordance with the RFP.[2] However, the RFP specifically stated that offerors were

---

[1] In its initial motion for judgment upon the administrative record, Emerald Coast contended that the CO's evaluation of the proposals was "inconsistent," and that her "exercise of discretion lacks a coherent and reasonable explanation, because the CO's observance of a correlation between lower-priced proposals and lower technical and past performance scores, was not relied upon in making her decision." Plaintiff's Brief In Support Of Motion For Judgment On The Administrative Record ("Pl.'s Brief") at 23. Emerald Coast has apparently abandoned this argument.

[2] According to Emerald Coast, [ ] days were needed because Emerald Coast needed to hire 45 additional employees and needed to obtain at least eight new trailers with multi-temperature capabilities and custom side doors with ramps to execute the bid, and that lead time for delivery of such equipment was [ ] days. AR 01074; 01080; AR01154.

required to provide the length of time that the offeror would need from notification of award to the start of contract performance. AR 00701. The RFP also informed potential offerors that the period of performance would commence approximately [ ] calendar days after notification of contract award. Id. While an offeror could propose an alternative time frame for consideration, id., the RFP made it abundantly clear that the agency expected that offerors would be able to commence performance within approximately [ ] days of contract award.

Moreover, Emerald Coast has failed to demonstrate that the consideration of that item by the CO resulted in Emerald Coast receiving a lower technical rating than MPG did. Although Emerald Coast did not receive as many points for the production capability/distribution plan subfactor as MPG did, that difference was not solely due to the difference in startup times between Emerald Coast and MPG. As the Technical Evaluation Board ("TEB") stated, in evaluating Emerald Coast's proposal and response to the discussion questions, "[o]ffer states increase in inventory would take his warehouse to [ ]% capacity but would need to increase staff by [ ] people. A personnel increase of this magnitude would negatively impact the viability of this offer. [ ] days start up needed - indicates it will take at least this amount of time to acquire additional personnel, trucks and equipment to meet requirements of RFP." AR 1951.

The RFP provides in the Statement of Requirements as follows:

> The Defense Commissary Agency (DeCA) will contract with a source to provide Fresh Fruits & Vegetables (FF&V) to various store facilities in the DeCA East Region within the Continental

---

Of the twenty bidders for all six Areas and 14 Groups, Emerald Coast was the only offeror unable to begin contract performance within 30 days of contract award.

> United States (CONUS). . . . In addition, the contractor shall be responsible for providing all necessary licenses, permits, supervision, facilities, equipment, order processing, distribution services, inventory management, and personnel at contractor's own facilities/distribution center to receive, store, handle, sort, and deliver all required FF&V items to the various commissary locations that are serviced under this contract. . . . The contractor will provide timely deliveries (in accordance with Addendum to FAR 52.212-4, paragraph 8, Delivery Schedule) in temperature controlled trucks to each CONUS commissary and, if applicable, to the POE for separate delivery to the OCONUS location (Area 5, Group 2 only). . . .Distribution is a key factor in a successful FF&V program. A successful distribution system relies on two main factors, a large volume of product movement and a sufficient number of well placed distribution centers. When these two factors are present, customers will receive the fresh products available. . . .

AR 00576-00577.

The RFP makes it perfectly clear that the awardee will be required to timely deliver a large volume of FF&V to various commissary stores located in the United States using its own equipment. Emerald Coast elected to bid on Area 5, Group 1, which consists of 19 commissary stores located in Tennessee, Louisiana, Mississippi, Arkansas, Alabama, and Florida. The selection method set forth in the RFP was a best value trade off. The CO reasonably and properly determined that an offer by MPG to commence contract performance within [ ] days was a better value to the Government than an offer by Emerald to take [ ] days to commence contract performance. In sum, the CO reasonably rated Emerald Coast's proposal subfactor for the production capability/distribution plan subfactor based upon the specific and express information set forth in the RFP that the agency desired offerors to commence performance within approximately [ ] days. The fact that Emerald Coast did not have the required personnel and equipment to commence performance within less than [ ] days of contract award, was a fact

the CO reasonably took into consideration in her evaluation.

In the Decision Summary Document ("DSD"), the CO set forth her best value trade off rationale for selecting MPG over Emerald Coast as the best value to the Government. AR 02078-02080; 020092. For sub-factor production operation/distribution plan, the CO noted as follows:

> MPG's proposal was determined to have a strong production operation and distribution plan and clearly detailed their procedures from receipt of products to delivery to the stores. Also, they sufficiently detailed a very (sic) plan of action for maintaining the cold chain to ensure quality products. MPG detailed their various contingency plans to ensure service is not disrupted. MPG maintains an 118,000 sq ft. facility and has formidable relationship with Nash Finch MDV, one of the largest military distributors on the east coast. Additionally, their teaming partners own and lease privately owned vehicles as needed. Emerald and its teaming partners have provided sufficient information to show the method of buying, selecting, and acquiring product to meet customer demand. Emerald failed to provide additional details as it relates to their production operation but the information provided was determined sufficient to service the basic needs of the commissaries. MPG received an exceptional rating for this factor and Emerald received a satisfactory rating for this subfactor.

AR 02079.

In summary, the fact that the length of the required startup period after contract award would be considered by the CO was not an undisclosed evaluation factor. Moreover, the CO reasonably determined that, based upon the evaluation criteria set forth in the RFP, the MPG technical proposal was significantly better than Emerald Coast's. AR 02080.

In essence, Emerald Coast is asking this Court to second guess the determination of the CO to rate MPG's technical proposal higher than Emerald Coast's. Technical ranking decisions, however, are minutiae of the procurement process, which involve discretionary determinations of

procurement officials that a court will not second guess. Textron, Inc. v. United States, 74 Fed. Cl. 11 (2006), citing E.W. Bliss Co. v. United States, 77 F.3d 445, 449 (Fed. Cir.1996). See also Textron, Inc. v. United States, 74 Fed. Cl. 11 (2006) (mere disagreement with the agency's judgment is not sufficient to establish that the agency acted unreasonably.)

C. The Evaluations Of Emerald Coast's And MPG's Proposals Were Not Pretextual

Finally, Emerald Coast's spurious allegation that the agency, in effect, deliberately ignored this Court's remand order is wholly unsupported and unsupportable. Emerald Coast has failed to cite a whit of evidence that the agency decided to re-award the contract at issue to MPG in advance of re-evaluating Emerald Coast's and MPG's proposals.

Indeed, there is no evidence in the record that the agency did not conduct the re-evaluation in strict accordance with the evaluation criteria set-forth in the RFP. In short, MPG's proposal represented the best value to the Government. The fact that Emerald Coast does not agree with the agency's assessment of its proposal does not provide a legal or factual basis for its assertion that the re-evaluation process was pre-textual.

CONCLUSION

In short, the CO's decision to award the contract to MPG was reasonable and consistent with the evaluation criteria set forth in the RFP. The CO's determination that MPG's proposal provided the best value to the Government was rational and made in accordance with law. Emerald Coast has utterly failed to demonstrate the contrary. Under the limited scope of judicial review applicable to this action, the decision of the agency should be sustained. For the reasons set forth above, we respectfully request the Court to enter judgment upon the administrative record in favor of the United States and against Emerald Coast.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

OF COUNSEL:

ELLIOT CLARK
Assistant General Counsel
Defense Commissary Agency
1300 E Ave
Fort Lee, VA 23801-1800

July 11, 2007

CERTIFICATE OF FILING

I hereby certify that on July 11, 2007, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Gillingham