**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EMERALD COAST FINEST PRODUCE CO., INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 06-742C** |
| | ) | **(Judge Emily C. Hewitt)** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **MILITARY PRODUCE GROUP, LLC** | ) | |
| **Defendant-Intervenor.** | ) | |

**DEFENDANT-INTERVENOR'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT-INTERVENOR'S CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

**DANIEL R. WECKSTEIN**

**Vandeventer Black, LLP**
**500 World Trade Center**
**101 W. Main Street, Suite 500**
**Norfolk, VA 23510**
**Attorney of record for Defendant-Intervenor,**
**Military Produce Group, LLC**

**OF COUNSEL:**

**WALTER B. MARTIN**
**STEPHANIE M. HIMEL-NELSON**

**Vandeventer Black, LLP**
**500 World Trade Center**
**101 W. Main Street, Suite 500**
**Norfolk, VA 23510**

August 13, 2007

**AGREED-UPON REDACTED COPY**
**MAY BE MADE PUBLIC**

Defendant-Intervenor, Military Produce Group, LLC ("MPG"), by counsel, respectfully submits this Reply Brief in support of its Cross- Motion for Judgment on the Administrative Record. As supported by MPG's June 25, 2007, Motion, the agency's decision to award the contract to MPG had a rational basis and should be upheld.

**1. Standard of Review**

The standard of review in a post-award bid protest is narrow and deferential. The Court may only set aside an award if the Agency's actions were arbitrary, capricious, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A) (2006); see also 28 U.S.C. § 1491(b)(4) (2006); see, e.g., Galen Medical Assocs., Inc. v. United States, 56 Fed. Cl. 104, 108 (2003); aff'd, 369 F.3d 1324 (Fed. Cir. 2004); Omega World Travel v. United States, 54 Fed. Cl. 570, 574 (2002). The "arbitrary and capricious" standard requires only that the final decision reached by an Agency be the result of a process which "consider[s] the relevant factors" and is "within the bounds of reasoned decision making." Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc., 462 U.S. 87, 105 (1983); see also Software Testing Solutions, Inc. v. United States, 58 Fed. Cl. 533, 538 (2003); Gulf Group, Inc. v. United States, 56 Fed. Cl. 391, 396 (2003). "Only in extremely limited circumstances" will the Court interfere with the government procurement process. See Information Sciences Corp. v. United States, 73 Fed. Cl. 70, 96 (2006); CACI, Inc.-Federal v. United States, 719 F.2d 1567, 1581 (Fed. Cir. 1983).

The plaintiff has the burden to show that, but for the alleged error in the procurement, it likely would have been awarded the contract. See Galen Medical Assocs., Inc. v. United States, 56 Fed. Cl. at 108; Omega World Travel, 54 Fed. Cl. at 574. Moreover, a protestor's burden is higher for a negotiated procurement because the contracting officer has broad discretion when engaging in an inherently judgmental process. Galen Medical Assocs., Inc., 56 Fed. Cl. at 108.

The Agency must only provide a "coherent and reasonable explanation of its exercise of discretion, and the disappointed bidder bears a 'heavy burden' of showing that the award decision had no rational basis." See id. at 1333. The Agency decision lacks a coherent and reasonable explanation only "if the agency... entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Ins. Co., 463 U.S. 29, 43 (1983); see also OTI Am., Inc. v. United States, 68 Fed. Cl. 646, 653 (2005) (applying this test to a bid-protest action).

Here, the Agency's decision was clear, consistent, and well documented and Emerald has failed to overcome this burden. In its reply, Emerald addresses only its argument that the agency ignored its letter indicating that it would hire USDA inspectors if awarded the contract. Emerald ignores, however, the numerous other deficiencies found in its proposal and its unfavorable comparison to MPG.

**2. Emerald Did Not Yet Have USDA Inspectors In Place**

Emerald Coast Finest Produce Co., Inc.'s ("Emerald") reply to MPG's cross-motion addresses only its argument that the Technical Evaluation Board and the Contracting Officer ignored Amendment 0005 to the Solicitation and Emerald Coast's July 31, 2006, letter regarding USDA inspectors. There is no indication in the Administrative Record that this is the case. Rather, Emerald's letter merely stated, "Emerald Coast is **prepared to engage** the necessary USDA inspectors domiciled at our Pensacola, Florida warehouse to execute the contract." AR01240 (emphasis added). Emerald's letter did not state that it had inspectors retained nor even promise to retain USDA inspectors. At best, Emerald expressed a willingness to consider

such an option. Clearly Emerald had not yet incorporated the regular use of on-site USDA inspectors into its quality assurance routine.

In contrast, MPG's initial proposal indicated that it was already using a full-time on site USDA inspector. It was a reasonable assumption for the Agency to determine that MPG's existing and firmly established quality control system, already incorporating USDA inspectors, was a better value to it than a system not yet implemented, and an inspector not yet hired or even promised, by Emerald.

**3. Emerald's Proposal Contained Other Weaknesses**

Emerald also ignores the many other weaknesses the TEB and Contracting Officer found in its proposal, as well as the contrasting notations regarding MPG's proposal and its superiority over Emerald's proposal. In nearly every factor, the TEB and the Contracting Officer found MPG to have the better proposal. Emerald does not dispute the vast majority of those findings. In fact, in its Reply, Emerald ignores the comparisons of its proposal to MPG's proposal that are found in the Administrative Record.

a. Technical Capability, Quality Program Subfactor

In the quality assurance sub-factor upon which Emerald focuses, the TEB noted that the "Response dated May 29, 2006 still does not identify alternate sources of product if needed during a recall or an emergency," and "Methodology information is too general for how they handle their product, no mention of expiration date, product rotation in warehouse and other issues when handl[ing] produce." AR02223.

In contrast to the weaknesses in Emerald's proposal under the Quality Program Subfactor, the TEB noted that MPG "has very good controls in place to monitor and maintain proper pest controls, temperatures and preserving the cold chain from receipt in their facilities to

delivery to the commissaries, and a secure facility. Their plans for out-of-cycle orders and emergency contingency plans for mechanical equipment or problems with suppliers were very good and described in detail. MPG fully explained their product recall process that was excellent… There were sufficient details provided that there are backup personnel to minimize any disruption in distribution to the stores." AR02211; see also AR02217 (detailing the benefits of MPG's recall plan, inspection procedures, and product placement).

b. Technical Capability, Production Capability/Distribution Plan Subfactor

The TEB also noted weaknesses in Emerald's proposal under the Production Capability/Distribution Plan Subfactor: "Offeror states increase in inventory would take his warehouse to 80% capacity but would need to increase staff by 45 people. [I]t is the opinion of the board that a personnel increase of this magnitude could negatively impact the viability of this offer," and "60 days needed – response dated May 29, 2006 indicates it will take at least this amount of time to acquire additional personnel, trucks and equipment to meet requirements of solicitation." AR02224. In contrast, the TEB noted that MPG's proposal indicated a "trucking fleet in place that is capable of handling the needs of the commissaries." The TEB also noted that MPG had alternate supply sources if needed for emergencies. AR02218.

c. Technical Capability, Additional Support/Promotion Plan Subfactor

Again, under the Additional Support/Promotion Plan Subfactor, the TEB found weaknesses in Emerald's proposal. The TEB noted "It is the opinion of the board that the promotional plan looks more like an example of things they could do than a proposal of what they actually will do." AR02224. See also Decision Summary Document at AR02210-13 (noting various other weaknesses in Emerald's proposal).

In contract, the TEB noted that MPG provided the board with information from promotions and demonstrations already in place by MPG, as well as its plan to continue providing [

.] AR02219.

It was reasonable for the TEB to be concerned that Emerald's proposal did not explain its procedures in enough detail and required more than 30 days for start-up. It was also reasonable for the TEB to be concerned that Emerald had not yet invested in the additional manpower, equipment, and USDA inspectors necessary to complete the project. A review of the administrative record reveals a detailed and careful analysis and juxtaposition of the two proposals by the agency before it determined that MPG had the superior proposal. Clearly, the Contracting Officer's decision was reasonable and rational.

## Conclusion

For all of the reasons set forth in the foregoing Brief in Opposition of Plaintiff's Revised Motion for Judgment on the Administrative Record and Revised Cross-Motion for Judgment on the Administrative Record, MPG respectfully requests that the Court enter Judgment for the Defendant and Defendant-Intervenor on this Administrative Record.

Respectfully Submitted,

MILITARY PRODUCE GROUP, LLC

By:______/s/________________________

Daniel R. Weckstein (Va. State Bar No. 17741)
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510-1699
(757) 446-8600
Facsimile: (757) 446-8670
E-mail: dweckstein@vanblk.com

Of counsel

Walter B. Martin (Va. State Bar No. 4214)
Stephanie M. Himel-Nelson (Va. State Bar No. 46966)
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510-1699
(757) 446-8600
Facsimile: (757) 446-8670
Email : wmartin@vanblk.com
shimelnelson@vanblk.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing pleading was sent by E-Mail transmission this 13th day of August, 2007 to counsel herein as follows:

Cyrus E. Phillips, IV, counsel for Emerald Coast, at lawyer@procurement-lawyer.com

Leslie Ohta, Esquire, counsel for Defense Commissary Agency, at Leslie.Ohta@usdoj.gov

Elliott Clark, Esquire, Assistant General Counsel for Defense Commissary Agency at Elliot.clark@deca.mil

By:_______________/s/___________________
Daniel R. Weckstein