# In the United States Court of Federal Claims

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE COMPANY, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | BID PROTEST<br>No. 06-742C<br>Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| MILITARY PRODUCE GROUP, LLC, | ) | |
| Defendant-Intervenor. | ) | |

## MEMORANDUM IN SUPPORT OF CLAIM OF CONTINUING CAPACITY TO SUE OR BE SUED

In accordance with RCFC 5.2(a)(1), 17(b), and the Court's Order of September 7th, 2007 Plaintiff, Emerald Coast Finest Produce Company, Incorporated, 3500 Dewey Rose Lane, Cantonment, Florida 32533-9245 (Emerald Coast) files this Memorandum in support of Emerald Coast's claim of a continuing capacity to sue or be sued, this as required by RCFC 17(b), and necessary for Emerald Coast to pursue this Bid Protest.

It is correctly reported by the Produce Reporter Company's ***Blue Book Services*** that Emerald Coast on June 2nd, 2007 sold its operating assets to Adams Brothers Produce Company, Incorporated, Birmingham, Alabama. Attachments, Bates Number 000004 06-742C. It is for this reason that Emerald Coast has withdrawn its request for injunctive relief. But doing so Emerald Coast has not relinquished its capacity to sue or be sued, RCFC 17(b), this on proper interests still before the Court as a live controversy.

Emerald Coast is a continuing corporation established and existing under the law of Florida, Attachments, Bates Number 000004 06-742C, and the instrument by which Emerald Coast has disposed of its operating assets, the "Business Assets Purchase Agreement," is likewise to be governed by the law of Florida, Attachments, Bates Number 000022 06-742C.

The Business Assets Purchase Agreement expressly exempts from the assets sold the accounts receivable of Emerald Coast, Attachments, Bates Number 000025 06-742C. Under Florida law, and thus under the Business Assets Purchase Agreement, accounts receivable are a species of a chose in action. *Peninsula State Bank v. United States*, 211 So. 2d 3, 5, *1968 Fla. LEXIS 2195, **5* (1968); *Boulevard National Bank of Miami v. Air Metal Industries, Inc.*, 176 So. 2d 94, 97, *1965 Fla. LEXIS 3188, **8* (1965).

And a "chose in action," as we will remember, is "an intangible personal property right recognised and protected by the law, which has no existence apart from the recognition given by the law, or which confers no present possession of a tangible object." http://en.wikipedia.org/wiki/-

Chose English law. With Emerald Coast's withdrawal of its request for injunctive relief Emerald Coast is left with two choses in action. These are: (a) a potential recovery of Emerald Coast's proposal costs, 28 U.S.C. § 1491(b)(2); and (b) a potential award of Emerald Coast's costs and attorney fees, 28 U.S.C. § 2412(d)(1)(A).

That Emerald Coast's request for injunctive relief is mooted with Emerald Coast's sale of its operating assets does not compel the dismissal of this Bid Protest:

> In deciding whether subsequent circumstances have rendered an action moot, the Court must distinguish between circumstances that impact the viability of the underlying controversy and those that merely affect the relief that plaintiff seeks. "Mootness of an action relates to the basic dispute between the parties, not merely the relief requested." [Citation omitted].

*United Payors & United Providers Health Services, Inc. v. United States*, 55 Fed. Cl. 323, 333 (2002). Here Emerald Coast's choses in action remain before the Court, and this meets the "case or controversy" requirement of U.S. CONST. art. III, § 2, cl. 1.

There has been no suggestion that Defendant Defense Commissary Agency has cancelled or terminated Contract Number HDEC02-06-D-0014, the Award promised by Request for Proposal Number HDEC02-06-R-0005 and given by the Defense Commissary Agency Contracting Officer to Defendant-Intervenor Military Produce Group, LLC on August 22nd, 2006, this for a Base Term of 24 months. The Court's continuing ability to pass on the merits of this Award is the basis for Emerald Coast's remaining choses in action. *Lion Raisins, Inc. v. United States*, 69 Fed. Cl. 32, 35-36 (2005).

All that is required for this Civil Action to continue is that Emerald Coast show that it was an actual or prospective offeror for the Award promised by Request for Proposal Number HDEC02-06-R-0005 prior to the date set for receipt of initial competitive proposals, i.e., on or before May 2nd, 2006, *Space Exploration Technologies Corp. v. United States*, 68 Fed. Cl. 1, 5 (2005), *citing MCI Telecommunications Corp. v. United States*, 878 F.2d 362, 365 (Fed. Cir. 1989), and this the Court has already found.

Emerald Coast is an actual offeror, and an actual offeror whose revised competitive proposal was improperly evaluated, as the Court has now held. The question still before the Court is whether or not Defendant Defense Commissary Agency's re-evaluation, and confirmation of the previous Award to Defendant-Intervenor Military Produce Group, LLC, can be sustained. If the re-evaluation cannot be sustained, then the Court has now properly before it the live controversy presented by Emerald Coast's choses in action.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
September 11th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009

Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Emerald Coast Finest Produce Company, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Tuesday, September 11th, 2007 a true and complete copy of this Memorandum was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Leslie Cayer Ohta, Esq.

Electronic Mail: Leslie.Ohta@usdoj.gov

Attorney of record for Defendant,
Defense Commissary Agency.

I also certify, under penalty of perjury, that on Tuesday, September 11th, 2007 a true and complete copy of this Memorandum was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Daniel R. Weckstein, Esq.

Electronic Mail: dweckstein@vanblk.com

Attorney of record for Defendant-Intervenor,
Military Produce Group, LLC.