# ATTACHMENT 7

Birmingham, Alabama 35205
Attention: Richard Cohn, Esq.

19. **Effect of Agreement**. This Agreement sets forth the entire understanding of the parties and supersedes and cancels any other agreement, representation, communication or understanding, whether oral or written, between the parties hereto and relating to the transactions contemplated herein or the subject matter hereof. All of the terms and provisions of this Agreement shall be binding upon and inure to the benefit of and be enforceable by the successor and assigns of the parties, provided the assignment has been secured with the consent of the other party.

20. **Interpretation of Agreement**. All parties have participated fully in the negotiation and drafting of this Agreement. The Agreement has been prepared by all parties equally, and is to be interpreted according to its terms. No inference shall be drawn that the Agreement was prepared by or is the product of any particular party or parties.

21. **Access to Premises and Information**. Prior to Closing, Seller shall allow Buyer, and its authorized agents and representatives, to have full access to the premises, properties and books, files, and records of Seller at any reasonable time and in any reasonable manner and shall furnish Buyer with financial and operating data and other information with respect to the Business or Business Assets as Buyer shall reasonably request. Any investigation or inquiry made by Buyer pursuant to this Agreement shall not in any way affect or lessen the representations and warranties made by Seller in this Agreement.

22. **Waiver of Trial by Jury**. The parties to this Agreement desire to avoid the additional time and expense related to a jury trial of any disputes arising hereunder. Therefore, it is mutually agreed by and between the parties hereto, and for their successors and assigns, that they shall and hereby do waive trial by jury of any claim, counterclaim, or third-party claim, including any and all claims of injury or damages, brought by either party against the other arising out of or in any way connected with this Agreement and the relationship which arises herefrom. The parties acknowledge and agree that this waiver is knowingly, freely and voluntarily given, is desired by both parties, and is in the best interests of both parties.

23. **Arbitration**. Except as specifically set forth herein, the parties to this Agreement agree to resolve any and all disputes related in any manner whatsoever to this Agreement by binding arbitration in Tallahassee, FL. In the event that suit is brought pursuant to any law or statute which provides for allocation of attorney's fees and costs, the arbitrator shall have the power to allocate attorneys' fees and costs pursuant to the applicable law or statute. The parties to this Agreement agree that arbitration pursuant to this Agreement shall be in accordance with the applicable rules of the American Arbitration Association (hereinafter "AAA"). The parties, however, specifically agree that Buyer on the one hand, and Seller and Shareholder on the other hand, shall share equally the costs, fees, and expenses incurred by arbitration. The sole exception to this Section 21 involves suits brought on behalf of any party to this Agreement seeking a temporary restraining order, preliminary injunction and/or permanent injunction ("injunctive relief") based upon violation of the provisions of this Agreement by any party to this Agreement in the event there is immediate and irreparable injury, loss or damage. Both parties agree that neither shall seek monetary damages under this exception. However, in the event that the party or parties are successful in obtaining injunctive relief as defined herein, the other party or parties shall be liable for payment of the attorneys' fees, costs, and expenses incurred by the successful party in connection with obtaining injunctive relief. The Federal Arbitration Act shall govern the enforceability of any and all of the arbitration provisions of this Agreement.

24. **Counterparts**. This Agreement may be executed in one or more counterparts, all of which taken together shall constitute one and the same Agreement.

IN WITNESS WHEREOF, each of the parties hereto has caused this Business Assets Purchase Agreement to be executed on the 2nd day of June, 2007.

ADAMS BROTHERS PRODUCE COMPANY, INC.

By: ______________________
Scott Grinstead
Its Chief Executive Officer

(BUYER)

EMERALD COAST FINEST PRODUCE COMPANY, INC.

By: ______________________
Connie Thompson,
Its President

By: ______________________
Preston Thompson,
Its Vice President

(SELLER)

______________________
Connie Thompson

______________________
Preston Thompson

(SHAREHOLDERS)

**EXHIBIT A**

EXCLUDED ASSETS

1. The Real Estate (subject to separate purchase agreement)

2. The following vehicles:

   a.

   b.

   c.

3. Cash

4. Accounts receivable

5. One computer server, to be mutually agreed upon, which has on it a copy of the Seller's software and files.

EXHIBIT B
REAL ESTATE LEASE AGREEMENT AND PURCHASE AGREEMENT

SCHEDULE 1.4
CONTRACTS

SCHEDULE 1.6

INVENTORY

To be attached at Closing.

# SCHEDULE 1.7

## LEASES

SCHEDULE 1.8

LICENSES AND PERMITS

1. All licenses, permits, or other authorizations (and all of Seller's prepaid obligations thereunder) issued to Seller by any federal, state, local, or other governmental authority, or issued to Seller by parties other than federal, state, local, or other governments, and utilized in Emerald Coast Finest Produce Company, Inc.

## SCHEDULE 1.9

LIABILITIES

Notes securing vehicles:

a.

b.

c.

SCHEDULE 1.10

PERSONAL PROPERTY

See attached schedule.

SCHEDULE 3

ALLOCATION OF PRICE

To be determined after closing

SCHEDULE 5.3

INFORMATION CONCERNING REVENUES OF SELLER

1. For the period from 1/1/06 to 12/31/06, the gross sales revenues of Seller were: $______________________.

2. For the period from 1/1/07 to 3/31/07, the gross sales revenues of Seller were: $______________________.