IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EMERALD COAST FINEST PRODUCE CO., INC., Plaintiff, | ) | |
| v. | ) | No. 06-742C (Judge Emily Hewitt) |
| THE UNITED STATES, Defendant, | ) | |
| and | ) | |
| MILITARY PRODUCE GROUP, LLC, Defendant-Intervenor. | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF CLAIM OF CONTINUING CAPACITY TO SUE OR BE SUED

Pursuant to Rule 7.2 of the Rules of this Court, and this Court's September 7, 2007 order, defendant, the United States, respectfully provides this response to the memorandum filed by Emerald Coast Finest Produce Co., Inc. (Emerald Coast) regarding its standing to seek monetary damages in this case. In support of our opposition, we rely upon this brief and the the Declaration of Leslie Cayer Ohta In Support Of Defendant's Opposition to Plaintiff's Memorandum in Support Of Claim of Continuing Capacity to Sue or Be Sued (Ohta Decl.), and the Declaration of Todd Kevin Lester In Support Of Defendant's Opposition to Plaintiff's Memorandum in Support Of Claim of Continuing Capacity to Sue or Be Sued (Lester Decl.).

Emerald Coast, in its September 11, 2007, Memorandum In Support Of Claim Of Continuing Capacity To Sue Or To Be Sued (Memorandum), asserts that when it sold its operating assets to Adams Brothers Produce Company, Inc. (Adams Brothers), on

June 2, 2007, it retained ownership of its "accounts receivable," and that this lawsuit constitutes an "account receivable." According to Emerald Coast, therefore, it has standing to pursue monetary damages in this case. Because Emerald Coast has failed to establish that it retained any right in this lawsuit when it sold its operating assets, Emerald Coast has no standing and its complaint must be dismissed.

The Government does not dispute that according to the Business Asset Purchase Agreement (purchase agreement) executed by Emerald Coast and Adams Brothers, Emerald Coast retained its right to its "accounts receivable." This lawsuit, however, while it may constitute an asset of Emerald Coast (or a liability if Emerald Coast does not prevail), it is not an "accounts receivable" and, therefore, was not excluded when Emerald Coast transferred its assets to Adams Brothers. In short, Emerald Coast has utterly failed to establish that it retained its right to pursue this lawsuit when it sold its assets to Adams Brothers. Emerald Coast, therefore, lacks standing to pursue its claims for monetary damages. Accordingly, Emerald Coast's complaint should be dismissed with prejudice.

According to Todd Kevin Lester, a director at Navigant Consulting, Inc., retained by the Government for the purpose of responding to the allegations made by Emerald Coast in its Memorandum, this lawsuit does not constitute an "accounts receivable." Lester Decl. ¶ 17. The purchase agreement included the sale of "all of the assets used and/or usable by Seller in the operation of its Business and owned by Seller at the Closing Date (except for those assets specifically listed on Exhibit A)." Lester Decl. ¶ 10. As such, it would appear that unless specifically excluded, everything else was included to the extent it existed as of the closing date. Id. The closing date, as defined in

the purchase agreement, was May 31, 2007. Id. The bid protest was filed on November 1, 2006, and therefore would have been included in the sale of the assets owned by Emerald Coast, unless specifically excluded. Id.

As referenced, certain assets were excluded from the sale (as listed in Exhibit A, Excluded Assets), including vehicles, cash, accounts receivable, and a computer with certain software and files. Lester Decl. ¶11. "Accounts receivable" was further defined in the purchase agreement as the "accounts receivable of the Seller as shown by its books and records of account, as of the Closing Date." Id.

Emerald Coast, in its Memorandum does not dispute that it considers the lawsuit to be an asset, only that the lawsuit was excluded from the purchase agreement as an "accounts receivable." Lester Decl. ¶ 12. However, while the lawsuit may possibly have economic value to the Emerald Coast, it is not an accounts receivable by definition and, under Generally Accepted Accounting Principles (GAAP), would not have been listed in Emerald Coast's financial statements. Lester Decl. ¶ 13.

Lawsuits are appropriately classified as "contingent assets." Lester Decl. ¶ 14. Where an "asset" is defined in part as a "probable future economic benefit," a contingent asset is a condition, situation, or set of circumstances involving uncertainty as to possible gain, where the uncertainty will ultimately be resolved at some point in the future. Id. The fact that an item is a contingent asset means it defies precise quantification. Id. Under GAAP, contingent assets are not recognizable on a company's financial statements until the asset is realized and the value of the asset can be reasonably estimated. Id.

Accounts receivable, in contrast, are a type of current assets, which are assets that are reasonably expected to be realized in cash within one year of the date of the financial

statements. Lester Decl. ¶ 15. Accounts receivable are generally described as amounts due from customers for goods or services provided in the normal course of business. Id. Emerald Coast's bid protest lawsuit would not be classified as accounts receivable, that is, funds due from customers for goods or services provided. Id. In addition, given the contingent nature of lawsuits, lawsuits also do not qualify as current assets because there is no reasonable expectation they will result in cash to the business within one year. Id.

As warranted by Emerald Coast in the purchase agreement, its financial statements, as of December 31, 2006, were prepared in accordance with GAAP. Lester Decl. ¶ 16. As such, since the outcome of a lawsuit cannot be measured with certainty, under GAAP accounting, the lawsuit would not be recordable until that uncertainty no longer exists. Id. Contingent assets may be disclosed in the footnotes to the financial statements, but there is no requirement to do so. Id.

Emerald Coast did not provide in support of its Memorandum either financial statements or a listing of its accounts receivable as of the closing date of the sale. Lester Decl. ¶ 17. There is, therefore, no evidence to support Emerald Coast's contention that the lawsuit was, or should have been, considered as an "accounts receivable," and therefore excluded from the purchase agreement. Id. By definition, a lawsuit is not an accounts receivable, and if Emerald Coast's financial statements were prepared in accordance with GAAP, as warranted, the lawsuit would not even have been included in the financial statements. Id.

Emerald Coast has provided no evidence to support its contention that this lawsuit was, or should have been, considered as accounts receivable, and therefore excluded from the purchase agreement. See Ohta Decl. ¶¶4,5,6; Lester Decl. ¶ 17. In fact, despite

being requested to produce its books and records, Emerald Coast has failed to produce either financial statements or a listing of its accounts receivable as of the closing date of the sale. Id. Because Emerald Coast's assertion that the lawsuit was a part of its "accounts receivable" is incorrect from an accounting perspective, and because Emerald Coast has failed to provide any documentary evidence that the lawsuit was excluded from the sale of the assets of the business, this Court should find that Emerald Coast has failed to establish its standing, and, accordingly this lawsuit should be dismissed.[1]

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Emerald Coast's motion to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

---

[1] Emerald Coast's reliance upon Peninsula State Bank v. United States, 211 So. 2d 3 (1968), and Boulevard National Bank of Miami v. Air Metal Industries, 176 So. 2d 94 (1965), is wholly misplaced. Peninsula dealt with the relative priority of a Federal tax and the interest of an assignee of a contract, not an unrelated lawsuit, taken for security of an assignor's debt. It simply does not stand for the proposition, as Emerald Coast contends, that a lawsuit, unrelated to a contract, is an accounts receivable. Similarly, Boulevard National Bank does not support Emerald Coast's contention that the lawsuit at issue here, unrelated to a contract, is an accounts receivable. Boulevard National Bank dealt with the relative priority of two assignees to the same accounts receivable. Like Peninsula, it does not stand for the proposition that a lawsuit unrelated to an accounts receivable, such as a contract, is itself an account receivable.

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

OF COUNSEL:

ELLIOT CLARK
Assistant General Counsel
Defense Commissary Agency
1300 E Ave
Fort Lee, VA 23801-1800

Dated: September 26, 2007