# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **EMERALD COAST FINEST PRODUCE COMPANY, INCORPORATED,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **BID PROTEST** <br> **No. 06-742C** <br> **Judge Emily C. Hewitt** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **MILITARY PRODUCE GROUP, LLC,** | ) | |
| **Defendant-Intervenor.** | ) | |

REPLY TO OPPOSITIONS TO MEMORANDUM IN SUPPORT OF CLAIM OF CONTINUING CAPACITY TO SUE OR BE SUED

In accordance with RCFC 5.2(a)(1), 17(b), and this Court's Order of September 7th, 2007 Plaintiff, Emerald Coast Finest Produce Company, Incorporated, 3500 Dewey Rose Lane, Cantonment, Florida 32533-9245 (Emerald Coast) files this Reply to the Oppositions filed by the Defendant, Defense Commissary Agency, and by Military Produce Group, LLC, Defendant-Intervenor, to Emerald Coast's Memorandum in support of Emerald Coast's claim of a continuing capacity to sue or be

sued, this as required by RCFC 17(b), and as necessary for Emerald Coast to continue to pursue this Bid Protest.

Defendant-Intervenor opines that Emerald Coast's inability to now compete for a successor Contract compels the Dismissal of this Bid Protest for lack of standing. Defendant-Intervenor's Opposition, at 3-4.

Defendant-Intervenor is wrong.

Despite Emerald Coast's inability to now compete for a successor Contract other relief for Emerald Coast remains available in this Court. With Emerald Coast's withdrawal of its request for injunctive relief Emerald Coast is left with two choses in action. These are: (a) a potential recovery of Emerald Coast's proposal costs, 28 U.S.C. § 1491(b)(2); and (b) a potential award of Emerald Coast's costs and attorney fees, 28 U.S.C. § 2412(d)(1)(A). Emerald Coast's standing is supplied by the availability of relief in this Court on Emerald Coast's two remaining choses in action, both of which are viable issues. *Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1349 (Fed. Cir. 2006) *citing Powell v. McCormack*, 395 U.S. 486, 496-97 (1944) and *Standard Fashion Co. v. Magrane-Houston Co*., 258 U.S. 346, 353 (1922).

While Defense Commissary Agency and Defendant-Intervenor have made considerable efforts to dance around Florida law, it is clear under Florida law, and thus under the Business Assets Purchase Agreement, that accounts receivable are a species of a chose in action, *Peninsula State Bank v. United States*, 211 So. 2d 3, 5, *1968 Fla. LEXIS 2195, **5* (1968); *Boulevard National Bank of Miami v.*

*Air Metal Industries, Inc.*, 176 So. 2d 94, 97, *1965 Fla. LEXIS 3188,* **8 (1965), and it is likewise clear that choses in action are just what Emerald Coast has left as viable issues in this Bid Protest.

Emerald Coast did not sell its *business*; Emerald Coast sold *certain assets* of its business. This is a distinction that cannot be ignored despite Generally Accepted Accounting Principles, despite the opinion of Defense Commissary Agency's expert witness, and despite the cases cited by Defendant-Intervenor, cases from other jurisdictions which are not the law in Florida.

The Business Assets Purchase Agreement that Emerald Coast has placed before the Court must be construed just as it would have been construed by a lawyer skilled in Florida law. And Florida lawyers counseled the owners of Emerald Coast concerning the Business Assets Purchase Agreement. Declaration of Leslie Cayer Ohta, September 26th, 2007, at page 1.

Under Florida law and the Business Assets Purchase Agreement Emerald Coast has clearly retained its right to the choses in action which remain as viable issues in this Bid Protest.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
October 11th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009

Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Emerald Coast Finest Produce Company, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Thursday, October 11th, 2007 a true and complete copy of this Reply to Oppositions to Memorandum was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Leslie Cayer Ohta, Esq.

Electronic Mail: Leslie.Ohta@usdoj.gov

Attorney of record for Defendant,
Defense Commissary Agency.

I also certify, under penalty of perjury, that on Thursday, October 11th, 2007 a true and complete copy of this Reply to Oppositions to Memorandum was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Daniel R. Weckstein, Esq.

Electronic Mail: dweckstein@vanblk.com

Attorney of record for Defendant-Intervenor,
Military Produce Group, LLC.